## EX PARTE D. S. PATTISON.

1. HABEAS CORPUS. *Res adjudicata. Sect. 1413 of Code construed.*
   Sect. 1413 of the Code of 1871 provides that "the judgment rendered on the trial of any writ of *habeas corpus* shall be conclusive until reversed, as hereinafter provided, and, whilst so in force, shall be a bar to another *habeas corpus* in the same cause, or to any other proceedings to bring the same matter again in question, except by appeal," etc. The object and effect of the statute is to make the decision on a writ of *habeas corpus* "*res adjudicata*," and conclusive, until reversed, as to all matters which were, or might have been, investigated upon the hearing thereof. But it does not preclude the issuance of a second writ, based upon subsequently occurring events. The new writ, however, must be based upon facts which have actually occurred since the hearing on the original writ, and not upon newly discovered evidence as to old facts.

2. SAME. *Second writ allowed. Case in judgment.*
   P., being indicted for murder, sued out a writ of *habeas corpus* before Judge B., who refused him bail and remanded him to jail. Thereafter he was tried; the jury disagreed, a mistrial was entered, and he was again incarcerated. He thereupon sued out a second writ of *habeas corpus*, before Judge C., who dismissed the same, on the ground that the decision on the first writ, remaining unreversed, operated as a bar to another writ. The second petition sets forth, as grounds for relief, the mistrial before the jury, and the serious impairment of the petitioner's health by his confinement, as developed since the first application for bail. *Held*, that neither of these facts would necessarily entitle the petitioner to bail, but either was sufficient to give jurisdiction and require an investigation. The former adjudication is conclusive on the testimony then adduced, but the subsequent mistrial before the jury gives jurisdiction on the second writ, and authorizes the production of newly developed exculpatory evidence, and, together, these may warrant the enlargement of the petitioner on bail. But bail should not be granted on the ground of bad health, unless it appears by the evidence as probable that confinement has produced, or is likely to produce, fatal or serious results.

APPEAL from the decision of Hon. J. B. CHRISMAN, Judge of the Tenth Circuit Court District, on *habeas corpus.*

The case is stated in the opinion of the court.

*H. Cassedy* and *J. D. Vertner*, for the appellant.

1. Our statute only bars a second writ of *habeas corpus* where the "same matter" is relied upon for relief as that which was adjudicated on the first writ. Code 1871, sect. 1413. This provision is only declaratory of what was always the law. 5 Binn. 304. Facts might arise after the first

application which would not only show the right to bail on the second application, but also the innocence of the accused.

2. The grounds for relief presented in the second petition were : first, the mistrial before the jury ; and, second, the effect of confinement upon the petitioner's health, and the danger to his life of its continuance to the next term of court. These grounds were not presented in the first petition, and, in fact, could only come into existence after the decision thereon.

3. The petitioner was entitled to bail on the grounds of his petition presented to the circuit judge. *The People* v. *Goodwin*, 1 Wheel. 443 ; *The People* v. *Lender*, 19 Cal. 539 ; *Moore* v. *The State*, 36 Miss. 137 ; *Wray, ex parte*, 1 Geo. 673 ; *Beal* v. *The State*, 39 Miss. 715 ; *United States* v. *Jones*, 3 Wash. C. Ct. 224 ; *The Commonwealth* v. *Semmes*, 11 Leigh, 665.

*H. Cassedy* and *J. D. Vertner*, also argued the case orally.

*T. C. Catchings*, Attorney-General, for the State, argued the case orally.

CHALMERS, J., delivered the opinion of the court.

The relator, being under indictment for murder, was denied bail by Chancellor Berry, before whom he was brought by writ of *habeas corpus;* thereafter, he was tried in the Circuit Court of Claiborne County, and, the jury having failed to agree, a mistrial was entered, and he was remanded to jail. He thereupon sued out this second writ of *habeas corpus*, before Judge Chrisman, but upon the hearing it was dismissed, upon the ground that the decision by the chancellor upon the first writ remaining unreversed and unappealed from, operated as a bar to the new proceeding.

At common law, an adverse decision on one writ of *habeas corpus* did not preclude a second one. Indeed, so tender was the law of the liberty of the subject, that he might, when deprived of it, resort in turn to every judge in the realm, and was entitled to be enlarged if any one of them thought proper

to bail or discharge him.     Such is still the law in many States of the American Union.     2 Cal. 429; 3 Blatchf. 1; 4 Wise, 522; 4 Gill, 301; 5 Ala. 130.

Our statute has changed this.     Sect. 1413, Code of 1871, declares that " the judgment rendered on the first trial of any writ of *habeas corpus* shall be conclusive until reversed, as hereinafter provided, and, whilst so in force, shall be a bar to any other proceedings to bring the same matter again in question, except by appeal," etc.

The object and effect of this is to make the decision on a writ of *habeas corpus* " *res adjudicata*," and conclusive as to all matters which were, or might properly have been, investigated upon the hearing thereof.     We do not think, however, that it will preclude the issuance and maintenance of a second writ, based upon subsequently occurring events.     So to construe the statute might work the greatest injustice and hardship, and is not demanded by its language.     But the new writ must be based upon facts which have actually occurred since the hearing of the original writ, and not upon a claim of newly discovered testimony as to old facts ; for otherwise the prisoner could make out his claim by piecemeal, and thus, by repeated applications upon successive claims of newly discovered testimony, defeat the element of finality and conclusiveness which the statute gives to the proceeding.

In the case at bar, the newly occurring facts set forth in the second petition were the mistrial before the petit jury, and the serious impairment of the relator's health, caused by his imprisonment.

The first petition had expressed fears that his health would suffer from confinement, and the second averred that those fears had been realized, and that a longer imprisonment would prove fatal, or at least inflict permanent and irreparable injury.     We think these allegations were sufficient to give jurisdiction to entertain the new writ.

While neither necessarily entitled the party to bail, either sufficed to give jurisdiction and to demand investigation.

The failure of the petit jury to find a verdict is held by some authorities as of itself sufficient to entitle to bail. We do not so regard it, but only as giving jurisdiction for a new hearing, and justifying the introduction of additional testimony, not considered on the first trial. While the former adjudication must be considered as conclusive on the testimony then adduced, the subsequent mistrial before the petit jury, in connection with newly developed exculpatory evidence, may authorize the admission to bail. The mistrial gives the jurisdiction, and justifies the production of the new testimony. Together they may suffice for the enlargement on bond.

Bail should not be granted on the ground of bad health, unless it be rendered probable by testimony that confinement has produced, or is likely to produce, fatal or serious results. Slight sickness is not sufficient, since there are few persons who will not be injuriously affected by imprisonment. There must be strong grounds for apprehending a fatal result or permanent impairment of health.

The judgment dismissing the writ will be reversed and the cause remanded, with directions that the matter be heard and determined in accordance with the principles here announced. If Judge Chrisman, from any cause, cannot hear it, resort may be had to some other judge or chancellor.