## EX PARTE J. T. BRIDEWELL.

BAIL.    *Habeas Corpus.    Res adjudicata.    Code* 1871, § 1413.
    Judgment admitting to bail on a writ of *habeas corpus,* is conclusive
        of the right to bail only on the facts existing at the time ; and on a
        state of case subsequently arising, as, for instance, the finding of an
        indictment for murder, the question can be reinvestigated, and, on
        additional evidence, bail may be refused.

Appeal from the decision of Hon. Upton M. Young, Judge of the Eleventh District of Mississippi, on a writ of *habeas corpus*, refusing to admit the appellant to bail.

The bond required by the judgment of the Supreme Court in the former *habeas corpus* proceeding, *ante*, 39, was not given, but Bridewell remained in custody until the grand jury found an indictment against him for murder, when he petitioned for the present writ, averring that, having been adjudged by the Supreme Court, on all the proof, entitled to bail, the question of his right was *res adjudicata*. But the District Attorney opposed his enlargement on the mandate of the Supreme Court, because he was prepared to adduce additional criminating facts, which did not exist at the time of the hearing under the first writ; and, notwithstanding the objection of the counsel for the petitioner, the evidence stated in the opinion, as well as the testimony on the former trial, was introduced.

*H. F. Simrall*, for the appellant, argued orally and filed a brief.

1. The judgment of this court at the last term is conclusive of the petitioner's right to be enlarged on bail. At common law in England application could be made to each of the twelve judges in succession, neither of whom would be concluded by the judgment of the others on the same subject-matter. *The King* v. *Dean and Chapter of Trinity Chapel*, 8 Mod. 27; *Ex parte Partington*, 13 M. & W. 679. The English doctrine has been generally adopted by the American courts. *Bell* v. *State*, 4 Gill, 301; *Russell* v. *Commonwealth*, 1 Penn. 82; *In re Perkins*, 2 Cal. 424; Hurd on Habeas Corpus, 562. But in some of the States the judgment is put on the same footing as those rendered in other proceedings. It then has the effect of *res adjudicata*, and may be reviewed for error. *Yates* v. *People*, 6 Johns. 337. Unmistakably such is the effect of Code 1871, § 1413, which, in connection with § 1415, makes such judgments conclusive in the same matter. The last clause of § 1413 reads " nor shall any person so discharged be afterwards confined for the same cause, except by a court of competent jurisdiction." Comparing this with § 1409, it appears plainly inapplicable to this case, because Bridewell was never discharged, nor subsequently confined by any court having jurisdiction to

try the question of his guilt finally under an indictment. The condition of the bond given by one accused of crime, when enlarged on bail, is to appear, from day to day and term to term, to answer such indictment as may be found against him. A new bond is never required in consequence of the indictment, but the old one holds good until the trial.

2. The judgment in a *habeas corpus* proceeding is conclusive both as to law and fact, *Land* v. *Keirn*, 52 Miss. 341 ; and precludes the parties to the record from contending contrary to the matter put in issue and determined. *Outram* v. *Morewood*, 3 East, 346. The point decided on the former writ was that Bridewell was not so implicated in the homicide as to be denied bail, and that adjudication estops him, as well as the State, to reopen the question. If he, on evidence establishing his innocence, discovered after the former trial, could have a new writ and be discharged, or if the State, on proof of his guilt subsequently obtained could, after he had given bond, procure his incarceration, the statute, which makes the decision on the first writ conclusive, would be nullified. The decision now under review proceeded, not on the ground that the finding of the indictment interposed any obstacle or changed the attitude of the case, but upon the idea that the additional testimony imparted to the case a character which it did not bear when first heard. If that is sound, the former judgment was not final. The test is not whether the first suit was actually determined on its merits, but whether the merits were involved and could have been determined in that suit. *Agnew* v. *McElroy*, 10 S. & M. 552; *Johnson* v. *White*, 13 S. & M. 584; *McConologue's Case*, 107 Mass. 154; *Spalding* v. *People*, 7 Hill, 301; *Betty's Case*, 20 Law Rep. 455; *Mercein* v. *People*, 25 Wend. 64, 99 ; Freeman on Judgments, § 324. The utmost limit to which jurisdiction of a second writ can be carried is to consider a new condition of the applicant's case, which did not exist at the time of the trial of the first, as, for instance, a recent sickness produced by confinement which endangered his life. The matter on which the last proceeding is based must be such that it was not legally involved in the former one. *Ex parte Pattison*, 56 Miss. 161.

3. The testimony on the last hearing does not, however, im-

part a complexion to the case different from that which it had on the first trial, except that it weakens the evidence for the State. In view of the last proof, the petitioner is entitled to be admitted to bail.

*J. D. Freeman* and *J. S. Morris*, on the same side, each made an oral argument.

*T. C. Catchings*, Attorney General, for the State, filed a brief and argued the case orally.

At common law, the finding of the indictment against Bridewell would of itself have justified the court in arresting and confining him, even if he had given bail under the former judgment of this court. As he did not give bail, the court could, of course, hold him. *People* v. *McLeod*, 1 Hill, 377. The rule making the indictment conclusive of guilt on an application for bail, which was based on the reason that the testimony before the grand jury could not be had, does not exist in this State, where such evidence may be produced, but the presumption of guilt still arises from the indictment, and, in the absence of proof to overthrow it, is sufficient to warrant the imprisonment of the accused. After indictment, the judge who determines the question of bail cannot acquit the prisoner, for that would be to try the case. *Street* v. *State*, 43 Miss. 1. The indictment which changes the accusation from a suspicion into a solemn arraignment, and makes a trial essential, alters the case, and makes a rearrest proper, unless a different rule is laid down in Code 1871, ch. 12, art. 5. The statute, § 1413, which provides that a party discharged on *habeas corpus* shall not be confined except by a court of competent jurisdiction, was not intended to make the judgment conclusive on the government until indictment, for it was so at common law, but to cut off the right, which the accused had by the common law, to renew his application for bail upon the same state of case before all the judges in succession. This is apparent from the language of the section, which makes the judgment a bar to another *habeas corpus*, or other proceeding, except appeal or action for false imprisonment. The State cannot appeal or sue for false imprisonment. The bar is to another attempt by the accused to get bail on the same state of case. *Ex parte Pattison*, 56 Miss. 161. The right of the State remains as at

common law. Were this not so, a person released by a mag-
istrate could be apprehended, while one bailed on *habeas cor-*
*pus* would not be subject to arrest. No such anomaly is
contemplated by the law. A judgment admitting to bail
before indictment is conclusive upon the State until an in-
dictment is found. A new case is then presented ; and, in
pursuance of its power to bring the party to trial, the court
may cause his rearrest. A judgment on the new case admit-
ting to bail would, apart from the statute, be final as to the
State, while a determination thereon refusing bail would, be-
cause of the statute, conclude the accused in the manner and
to the extent therein provided.

*H. C. McCabe,* on the same side, argued the case orally.

*Cowan & McCabe,* on the same side.

The presumption is great that the relator killed the deceased,
and that the killing was murder. Const., art. 1, § 8. Of both
propositions, the indictment is *prima facie* evidence. The bur-
den of overturning this presumption is upon the appellant.
That Bridewell killed Andrews is shown as well by the un-
controverted facts, as by his confessions proved at the last
trial. The killing being established, the law presumes that
it is murder, in this case, from the finding of the indictment
by the grand jury. It is difficult to ascertain upon what
theory the defendant puts his justification. No theories ex-
cept contradictory ones have been advanced as to *the nature*
of this killing. If the words and deeds of a man can be evi-
dences of guilt, then we have before us a case of murder.
The trial judge had decidedly the advantage of this court in
determining the credibility of the witnesses, and his decision
on disputed points of evidence ought to be of great weight.
Upon the whole record his judgment is correct, and should be
affirmed.

CAMPBELL, J., delivered the opinion of the court.

The judgment of this court admitting the appellant to bail
was conclusive of his right to bail in the state of case which
then existed, but not of his right to bail on a new state of facts
since occurring, and presenting a case different from that
existing when the former application was made. Our statute,

Code 1871, § 1413, makes the judgment rendered on the trial of any writ of *habeas corpus* a bar to another *habeas corpus* " to bring the same matter again in question ; " but the conclusiveness of the judgment is limited to the conditions existing at the time, and does not preclude subsequent inquiry into a new state of case made, not by new evidence of a formerly existing state of case, but by facts occurring subsequently which essentially vary the case, and make it not the same matter before adjudicated. Matters arising subsequently to the prior judgment may be investigated anew, for they have never been decided. All matters of fact which existed and might have been litigated in the former proceeding were concluded by it. The object of the section cited was to confine the applicant for the writ of *habeas corpus* to one proceeding, in the same state of case, and to secure to him the benefit of a judgment in his favor ; in other words, to apply the rule of *res adjudicata*, so far as it is applicable, to the judgment on the trial of a writ of *habeas corpus*, with the further provision that a person discharged by such judgment shall not be confined for the same cause, except by a court of competent jurisdiction.

The evil sought to be remedied by the statute was the repetition of proceedings by the writ of *habeas corpus* as often as a judge could be found to grant it, and the remedy given is the denial of more than one writ of *habeas corpus* in the same matter, with conclusiveness given to the judgment, both for and against the relator, but subject to the right of a court of competent jurisdiction to afterwards confine for the same cause a person discharged on *habeas corpus*. A case, so far as the right to bail is concerned, may be a varying one, in which the party, at one time and in one state of case, may not be entitled to bail, and at another time, and in a different state of case, may be entitled to it. While the person is the same, and the offence with which he is charged is the same, a change of circumstances, essentially varying the case, and occurring after a judgment on the trial of a writ of *habeas corpus*, presents another matter for adjudication. It is true the question is the same ; viz., Shall the relator have bail ? But it is a new matter, because arising out of a new condition of things, which presents the question, whether now, in this new conjuncture,

the prisoner is entitled to bail ?   *Ex parte Pattison*, 56 Miss.
161 ; *Mercein* v. *People*, 25 Wend. 64 ; *People* v. *Mercein*, 3
Hill, 399.

The estoppel of a judgment on the trial of a writ of *habeas
corpus* operates reciprocally, against and in favor of the relator,
so far as to preclude inquiry into the same matter, but not so
as to bar the prisoner from obtaining bail upon the occurrence
of a new and different condition of things, nor so as to entitle
him to bail in a state of case different from that existing for-
merly.   If bail is allowed by a committing magistrate, on an
examination, or by a judge on trial of a writ of *habeas corpus*,
and subsequently an indictment for murder is found and pre-
sented, and the prisoner is arrested and held by virtue of pro-
cess on such indictment, a new and different state of case is
presented, varying materially from that existing before, and
open to investigation upon new proceedings.   That is the case
at bar.   Since the adjudication of this court, on his appeal
from the judgment of the circuit judge on trial of a writ of
*habeas corpus* sued out by him, the appellant has been indicted
for murder by the grand jury of Warren County, and is held
under that indictment.   Additional testimony, not produced
on the first trial of the writ of *habeas corpus*, was heard by
the judge on the hearing of the present writ, and he refused
bail.   We are not prepared to say that he erred in this, and
his judgment is                                             *Affirmed.*