## Ex parte C. F. Nichols and J. W. Nichols.

1. Habeas Corpus.  *Second writ.*  *Passage of act making accused competent to*
   *testify.*
   Where, prior to the passage of the act making the accused in an indictment a
   competent witness in his own behalf, a prisoner under indictment for murder
   had a hearing upon a writ of *habeas corpus* and was remanded to jail, he can-
   not, since the passage of that act, obtain a hearing upon a second writ, on the
   ground that the admissibility of his own testimony, which was before incom-
   petent, will now enable him to sustain his petition.

2. Same.  *Second writ.  New evidence.  Old facts.*
   Such evidence stands upon the same footing as newly discovered evidence of
   facts existing at the time of the former hearing, while to entitle the relator

to a hearing upon a second writ he must allege some fact occurring since the former trial which changes the legal aspects of his case. *Ex parte Patterson*, 56 Miss. 161, and *Ex parte Bridewell*, 57 Miss. 171, cited.

APPEAL from the decision of HON. SYLVANUS EVANS, Chancellor of the Seventh Judicial District, on *habeas corpus*.

The case is stated in the opinion of the court.

*J. R. McIntosh*, for the appellants, argued the case orally.

*J. L. Harris*, for the State, made an oral argument.

CHALMERS, J., delivered the opinion of the court.

In 1872, the relators, being in custody and under indictment for the murder of one Haygood, sued out writs of *habeas corpus* before the Hon. Robert Leachman, Judge, which, upon full examination, were decided against them, and they were recommitted to jail. Subsequently they broke jail and fled the country. During the present year they were found, re-arrested, and re-incarcerated. They now bring this present writ, demanding to be heard again and discharged, notwithstanding that provision of our law which makes a decision on *habeas corpus* final and conclusive until appealed from and reversed. They base this demand upon the fact that since their former trial the law of evidence of this State has been so amended in criminal cases as to make all parties indicted competent witnesses for themselves. Their contention is, that by their own testimony they can show their innocence of the crime charged against them, a thing which they heretofore failed to do only by reason of the fact that they were, at that time, incompetent witnesses.

The proposition, therefore, is to disprove guilt, not by reason of any new fact occurring since the former trial, but by introducing new testimony as to the old facts, the only reason urged for this demand being that they may produce evidence now for the first time admissible. Whatever merit there may be in this contention, it is at least nothing more than an attempt to obtain a new hearing upon the ground of newly discovered evidence; nor can it make any difference in principle whether this evidence is now first made legal, or whether it has been now for the first time discovered. It

cannot be seen how evidence for the first time made admissible by law, stands on any different footing in this inquiry from evidence which has just been discovered in cases where no remissness can be charged against the parties applying.

But the distinct announcement has twice been made in this court that a second writ of *habeas corpus* can only be granted where some supervening fact has taken place which alters the substantial aspects of the case, and that it cannot be done merely upon the ground of newly discovered evidence. Whether such evidence could or could not have been discovered before by the exercise of diligence is wholly immaterial. To sustain the new writ there must be some new fact, which, happening since the former trial, has changed the legal attitude of the case; as by the finding of an indictment whereby the legal aspect is changed, or where, by a mis-trial before a petit jury, it may be plausibly argued that the legal presumption that the proof is positive or the presumption great has been negatived by the failure of the jury to agree. *Ex parte Patterson,* 56 Miss. 161; *Ex parte Bridewell,* 57 Miss. 171.

*Judgment affirmed.*