## WOODSON ATKINSON EX PARTE.

### [58 South. 215.]

1. BAIL. *Pending appeal. Sufficiency of affidavits. Jurisdiction of supreme court. Health of accused. Merits. Certificates of physician. Constitution, Sec. 146, Code 1906, Sec. 67.*

   Certificates of physicians not verified by affidavit, will not be considered by the court on an application for bail after conviction of a felony, pending an appeal to the supreme court.

2. BAIL. *Pending appeal. Jurisdiction of supreme court. Code 1906, Sec. 67. Constitution 1890, Sec. 146.*

   Under the Constitution of 1890, Sec. 146, providing that the supreme court shall have such jurisdiction, as properly belongs to an appellate court, and Code of 1906, Sec. 67, giving said court or a judge thereof power to grant bail after conviction of a felony, pending appeal, such power is revisory only and should not be exercised until the petition for bail has first been acted on by the lower court.

3. BAIL. *Pending of appeal. Health of Accused. Code 1906, Sec. 67.*

   Under Code of 1906, Sec. 67, providing for the admission of a person convicted of a felony to bail, pending an appeal, such person should be allowed bail, where six physicians make affidavit that confinement will aggravate an illness of the accused and imperil his life and health although two other physicians make affidavit to the contrary and one other partially dispute them.

4. BAIL. *Consideration in supreme court. Merits.*

   In an application for bail, pending an appeal, by a party convicted of a felony, the supreme court will not allow to be introduced as evidence or give any consideration to alleged errors occurring in the trial in the lower court.

APPEAL from the circuit court of Pike county.

HON. D. M. MILLER, Judge.

Woodson Atkinson was convicted of embezzlement and, pending appeals, applied for bail.

The facts are fully stated in the opinion of the court.

*R. N. Miller,* for relator.

No brief found in the record.

MAYES, C. J., delivered the opinion of the court.

This case is before the court on the petition of Woodson Atkinson for bail. The petition substantially recites that Atkinson was convicted of embezzlement at the March term, 1912, of the circuit court of Pike county, and that he has appealed from this conviction to the supreme court, and the appeal is now pending. The petition then alleges that Atkinson is sick and in very bad health, and on this account seeks to be admitted to bail, pending the appeal, in such reasonable sum as this court may determine to be just. The petition further alleges that confinement in the jail imperils both the health and life of petitioner. The petition is filed under Sec. 67 of the Code of 1906, which we shall quote later; and, before presenting this petition to this court, a petition of the same nature was presented to the judge of the district in which the conviction took place, and before whom the trial was had, and the trial judge declined to grant bail, on the ground that the showing made was insufficient. After the circuit judge declined to grant bail under the first petition, a *de novo* application is made to this court. One of the contentions made by the state's attorneys in opposition to this petition is that the action of the trial court is conclusive, and that this court has only the power to review the action of the trial judge as an appellate tribunal. In other words, the state contends that section 67 of the Code confers upon "the court in which the conviction was had, or the supreme court, or the judge who presided at the conviction, or the judge of the district in which such conviction was had, or a judge of the supreme court in vacation," the right to release a person convicted of felony from imprisonment, pending an appeal to the supreme court; and if the person convicted makes application to any one of the courts

or judges authorized by the statute to release, and the application is denied, then it is contended by the state that neither this court, nor a judge thereof, can act, except as an appellate tribunal. We shall notice this contention further on in this opinion.

The petition filed with this court is accompanied by the sworn statement of Drs. W. M. Wroten, W. S. Lampton, G. W. Robertson, J. M. Smith, J. T. Boyd, and W. W. Smithson. In a sworn affidavit, these physicians state that they met at the courthouse in Pike county on the 30th day of March, 1912, and carefully and fully examined the petitioner. They then set forth the history of his case and his physical condition, and state that, in their opinion, "an operation will be necessary for drainage of the gall bladder, in order for him to completely recover." They further state that, in their opinion, "confinement in the county jail will aggravate his trouble and imperil his health and life, and, in order for this operation to be performed, he ought to have exercise, proper diet and hygienic surroundings." Accompanying this petition are also the unsworn certificates of Dr. J. R. Sample, Dr. Otto Laub, and Dr. J. M. Curtis. The state objected to the introduction of these last certificates because not under oath, and we think the state's objection is well taken, and the court excludes them from its consideration. The above comprehends all the testimony introduced in behalf of petitioner.

The state introduced the affidavit of Dr. D. W. Jones. Dr. Jones states that, at the request of the district attorney, he went to Magnolia on the 5th day of April and made a thorough and exhaustive examination into the physical condition of Mr. Atkinson. Dr. Jones describes Atkinson's condition and gives a history of his symptoms, and concludes his affidavit by stating that it is his opinion "that Atkinson is a normal man, and is not suffering from any disease; that his life would not be endangered, nor would his health be seriously impaired

any more than any other normal man, by confinement in jail.'' The affidavit of Dr. Julius Crisler is offered by the state, and Dr. Crisler describes Mr. Atkinson's condition and symptoms, and concludes his affidavit with the statement: "I am very sorry to report that, while I believe confinement is not conducive to Mr. Atkinson's health, I am of the opinion that it will not jeopardize or imperil his life, according to the present findings." Dr. Crisler makes no reference to whether or not it is his opinion that confinement in the jail would seriously impair and undermine the health of petitioner, but merely states that confinement would not jeopardize or imperil the life of Atkinson.

Dr. McLeod, for the state, makes an affidavit that on the 5th day of April, at the request of the district attorney, he made a close and personal examination into the physical condition of Mr. Atkinson, and, after giving a history of the result of his examination and describing his physical condition concludes as follows: "Affiant says that, in his honest and candid opinion, the life of the said Woodson Atkinson is not endangered by confinement in jail; nor does he consider that remaining in jail will be a serious detriment to his health any more than that of any other normal man."

The above is the testimony presented to this court for its guidance in determining whether or not bail, pending appeal, should be granted. The learned physicians are in hopeless conflict as to the physical condition of Mr. Atkinson and the peril to his life and health. Six of the physicians give it as their opinion that confinement will aggravate Atkinson's ailment and imperil his life and health; two state that neither his health nor life will be endangered; and the third certifies that, while he believes confinement will not be conducive to Mr. Atkinson's health, it will not "jeopardize or imperil his life."

But, before deciding this case on the facts, we will discuss the power of this court to act on this petition *de*

*novo* after presentation to the trial judge and refusal by him to grant bail. The state challenges the power of this court to act, under such circumstances, except as an appellate tribunal. In answer to this contention, it is sufficient to state that section 67 of the Code provides no method of appeal to this court from this character of proceeding. In giving this court, or a judge of this court, power to grant bail after conviction, the statute gives the power to be exercised in the discretion of the court, or a judge of the court, in vacation, as a revisory power over the trial court or judge thereof, to the end that justice may be promoted. It is a power which this court, or a judge of same, exercises on the merits of the petition presented, independently of the action of the trial court or judge. This court may act upon the same or additional facts. All the cases cited by counsel for the state seeming to announce a contrary view did not arise under this statute; but the petitioners in those cases were proceeding by and under a writ of habeas corpus. In such cases, Sec. 2466 of the Code of 1906 makes such judgment conclusive until reversed. The above section of the Code has been the law in habeas corpus trials in this state for many years. The petitioner in this case could have applied for a habeas corpus, instead of proceeding under section 67 of the Code; but he did not do so, and so the rules of law as to the conclusiveness of judgments on habeas corpus proceedings have no application to this proceeding. While this court is authorized by statute to exercise many revisory powers over the lower courts, Sec. 146 of the Constitution of the state clearly outlines the scope and sphere in which this court shall act. The above section of the Constitution declares that this court "shall have such jurisdiction as properly belongs to a court of appeals." While many revisory powers are given to this court and the judges of same, it is not the design of the Constitution or the legislature that this court shall be required

to depart from the purpose of its creation and engage its time with matters that should be heard by the *nisi prius* courts, unless it becomes necessary to act in a revisory capacity. In this view of the law, it was not only proper, but it was necessary, that the application should be presented to the trial judge before presentation to this court. The law, as stated above, is announced in the third volume of Ency. Pleading & Practice, page 207. In the case of *People* v. *January,* 70 Cal. 34, 11 Pac. 326, the California court held that "the power to admit a prisoner to bail, pending an appeal taken by him from a judgment of conviction of felony, ought not to be exercised by the supreme court in the first instance, nor until after the determination, upon its merits, of an application for bail before the judge who tried the cause." It seems that the state of California had a statute similar to Sec. 67 of the Code of 1906. To the same effect are the cases of *Ex parte Turner,* 112 Cal. 627, 45 Pac. 571; *People* v. *Perdue,* 48 Cal. 552.

We come now to the question of whether or not the facts of this case justify this court in allowing bail. When the facts are examined, we have no doubt but that bail should be allowed. Six out of nine physicians state that the confinement will aggravate the trouble and imperil the life and health of petitioner. Two of the others state the contrary of this, and the one other states that, while confinement is not conducive to the health of Atkinson, he does not think the life of Atkinson will be imperiled thereby. Whether or not there would be any serious and permanent impairment of the health of Atkinson is not stated by this last physician.

In the case of *Ex parte Pattison,* 56 Miss. 161, this court said that bail should be granted when the testimony shows that it is probable "that confinement has produced, or is likely to produce, fatal or serious results. Slight sickness is not sufficient, since there are persons who will not be injuriously affected by imprisonment.

There must be strong grounds for apprehending a fatal result or permanent impairment of health.'' Surely the measure of proof required by this rule of law is met when six skilled and reputable physicians, under their oaths, state that the confinement of Atkinson imperils his life and health. It is true that it may be said that three make a contrary statement. Which of these physicians are correct we cannot tell; but certain it is that all are equally worthy of belief, and the greater weight of testimony is necessarily with petitioner.

In the case of *Ex parte Wheeler,* 24 South. 261, this court reannounced the law as declared in the *Pattison case,* in 56 Miss. 161. While it is true that court and judges should exercise the power to grant bail after conviction of felony ''with the greatest caution, and only when the peculiar circumstances of the case render it proper,'' yet the very object of conferring this power on the courts and judges is for the purpose of having a humane execution of the laws, and to prevent cruelties and hardships. When the facts of any case make a proper case for the enforcement of this statute, judges and courts should not hesitate to give a prisoner the benefit of a law that was enacted for the purpose of preventing cruelty under any form of the law.

Counsel representing petitioner present what purports to be a part of the record in the trial of the case in the court below, and argue here that this court should consider the probability of the reversal of this case, when it reaches here on the merits, in determining whether or not this petition will be granted. Counsel argue that a mere glance at the part of the record in the court below which they attempt to use in this court will demonstrate that this case must be reversed, when it reaches here on appeal. In answer to this argument, we say that on a hearing of this kind this court will not allow to be introduced as evidence, or give any consideration to, the alleged errors occurring on the trial. The record is not

before us, and cannot get before us, except on appeal. This petition has nothing to do with errors in the record. The trial in the court below, on this character of proceeding, will be conclusively presumed to have been regular and free from error until the cause comes by appeal to this court.

Let petitioner be admitted to bail in the sum of ten thousand dollars, bond to be filed with and approved by the circuit clerk of Pike county. Let the clerk of this court enter the order of this court on the minutes of the court here, and send a certified copy of the same to the clerk of the circuit court of Pike county, with direction that the certified copy shall be entered on the minutes of the circuit court of Pike county.

So ordered.

*Petition granted.*