ON PETITION FOR WRIT OF PROHIBITION
PRATHER, Justice,
for the Court:
This petition for a writ of prohibition, filed by the District Attorney of the Nineteenth Circuit District, seeks to prohibit the Circuit Court of Jackson County from granting an appearance bond to Bryan R. Burke, whose conviction is on appeal.
The question presented is whether the circuit court has lost jurisdiction to grant an appearance bond after Burke’s appeal to this Court was perfected. We hold that the circuit court did have such concurrent jurisdiction with this Court. Therefore, the writ of prohibition is denied.
I.
On May 5, 1983, Bryan R. Burke, whose appeal is presently pending, was convicted of attempted armed robbery in the Circuit Court of Jackson County, Honorable Darwin M. Maples presiding. On June 13, 1983, an advance certificate of appeal was issued to this Court advising of Burke’s conviction and sentence.
A petition to have an appearance bond set was heard on September 16, 1983, in the Circuit Court of Jackson County. The state’s position is that the circuit court lost jurisdiction since appeal had been perfected in this Court; the defendant, Burke, contends that the circuit court has jurisdiction for purposes of setting an appearance bond under Mississippi Code Annotated section 99-35-115 (1972), concurrent with this court.
Judge Darwin Maples granted an appearance bond to defendant Burke in the amount of $40,000.
This writ of prohibition asks that Judge Maples be prohibited from entering such an order without jurisdiction, that such appearance bond be set aside, and that the defendant, Burke, be remanded to the custody of the Jackson County Sheriff.
II.
Mississippi Code Annotated section 99-35-115 (1972) is dispositive here. That statute entitled “Bail after conviction of felony”, states:
A person convicted of treason, murder, rape, arson, burglary or robbery shall not be entitled to be released from imprisonment pending an appeal to the supreme court, unless it be so ordered by the court in which conviction is had, or by supreme court, or by the judge who presided at the conviction, or the judge of the district in which conviction was had, or a judge of the supreme court in vacation of said court; and the making of such order shall be a matter of discretion with either the court or judge to be exercised with the greatest caution, and only when the peculiar circumstances of the case render it proper. A person convicted of any felony other than those enumerated in the foregoing paragraph shall be entitled to be released from imprisonment on bail pending an *542 appeal to the supreme court. (Emphasis added).
Two considerations need to be addressed here: (1) whether this conviction is one which permits bail as a matter of right or one which is discretionary with the judge and (2) what court has jurisdiction to grant bail.
As for the first question, the charge of attempted armed robbery and also armed robbery constitute the crime of robbery under Mississippi Code Annotated section 97-3-79 (Supp.1983) Harris v. State, No. 54,714, 445 So.2d 1369 (1984). Therefore, the defendant is not entitled to bail pending appeal as a matter of right. Bail after conviction of robbery, which crime also includes attempted armed robbery, is discretionary with the court or judge. Burke has no statutory right to bail, but may request it.
Secondly, the question is which court has jurisdiction to grant bail. The above statute lists several judges or courts which may grant bail in charges of treason, murder, rape, arson, burglary or robbery. The last sentence deals with “any felony other than those enumerated,” and this conviction falls within this category. However, in the other felony cases the courts or judges that are entitled to grant bail are not enumerated within that specific sentence. A reasonable interpretation of the entire section leads this Court to conclude that the request for bail in “other felony cases” may be submitted to the same enumerated list of courts or judges. We adopt this view.
However, the state’s contention here is that after perfecting of appeal the circuit court lost jurisdiction. This analysis fails to distinguish between losing jurisdiction of the sentence and having jurisdiction over the corpus of the defendant. The initial request for bail could have been submitted to any of the enumerated courts or judges. Their jurisdiction is concurrent by virtue of this statutory provision.
It is preferred procedure that the trial court address bail initially before presentation to this Court. Ex Parte Atkinson, 101 Miss. 744, 58 So. 215 (1912). Trial courts are familiar with the case, and in a better posture to address the amount of the bail bond. Although the statement is dictum, the Atkinson case, supra, stated that it was necessary that the initial application be presented to the trial court. The statute provides concurrent jurisdiction, and this Court so holds.
Although not controlling here, in Federal courts, appeal bond hearings are to be held in the trial court notwithstanding the fact that the jurisdiction of the court of appeals has attached by virtue of the appeal from the judgment of conviction. United States v. Provenzano, 605 F.2d 85 (3rd Cir.1979); Tyrrell v. United States, 191 F.2d 154 (9th Cir.1951):
The justification for such requirement stems from the trial court’s superior capacity, at least in the first instance, to gather and sift the pertinent information necessary to the correct determination of motions for release pending appeal. (United States v. Provenzano at 91).
III.
In this case, bond was granted by the judge that presided at the conviction. Since he had the authority and the jurisdiction to do so, such order was not error.
PETITION FOR WRIT OF PROHIBITION DENIED.
PATTERSON, C.J., and WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and ROBERTSON, JJ., concur.