## *Ex parte* C. H. WATSON.

No. A53.   Opinion Filed January 21, 1909.

(99 Pac. 161.)

1.   BAIL—Capital Offense—Illness.   On application to the Criminal Court of Appeals for bail by writ of habeas corpus after commitment for a capital offense by a justice of the peace, when it is made clearly to appear, by the testimony of competent, reputable physicians who have examined the physical condition of the prisoner at the time the application is made, that there is strong ground for the opinion that continued confinement would cause the disease from which the prisoner is then suffering to terminate fatally, he should be released on bail.

2.   SAME.   It is good cause for admitting to bail a prisoner confined to jail for a capital offense that such prisoner is then suffering with pneumonia and other ailments, caused by his imprisonment and likely to be aggravated by the continuance of such confinement, and that it will probably terminate fatally.

(Syllabus by the Court.)

Original petition by C. H. Watson for a writ of *habeas corpus* to be directed to A. S. Hamilton, sheriff of Bryan county. Petitioner admitted to bail.

The plaintiff alleges, in his amended petition for a writ of *habeas corpus,* substantially: That he is imprisoned and restrained of his liberty by the defendant, A. S. Hamilton, sheriff of Bryan county, Okla., in the county jail in the city of Durant; that he is not committed or detained by virtue of the final judgment or order of any competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon such judgment or order; that the cause or pretense of such confinement is that he has been charged with the crime of murder; that a preliminary examination was had before A. Neely, a justice of the peace in and for said county, and said justice of the peace, hearing the testimony introduced, committed the plaintiff to said jail without bond.   The plaintiff further states that he is not guilty of any offense; that the evidence against him is not sufficient to show that the presumption of guilt is great, and that the proof of his guilt is not evident; that the proof in the case cannot show his guilt is evident, or the presumption of his guilt of the crime of murder great, and that his confine-

ment in said jail is illegal; that he is charged with killing Wesley Crabtree; that the shooting was in his necessary self-defense; that the jail of said county is a very small structure; that there are no sanitary arrangments in said jail, and that the same is overcrowded with prisoners, and is poorly heated, lighted, and ventilated; that since his confinement in said jail everything that could be done for his comfort was done by the respondent and his jailer, but that by reason of the condition of said jail very little could be done for him; that he was incarcerated in said jail on the 24th day of August, 1908, and since his incarceration as aforesaid he has lost his health by reason of the conditions existing in said jail and his confinement therein, and has suffered from severe attacks of cramps, diarrhœa, and acute indigestion, brought on by reason of his confinement as aforesaid; that he has suffered much from malaria, and is now actually suffering from a severe attack of pneumonia, contracted since his confinement in said jail; and that he believes his physical ailments have been brought on by reason of his said confinement, and that if his confinement be continued in said jail for as much as 10 days or more a fatal result will ensue; that if he should be released from said jail his health would probably be restored. The affidavits of Dr. James Shuler, county physician of said county, Dr. J. B. Smith, Dr. G. M. Rushing, and Dr. A. S. Hagood were filed in support of plaintiff's petition; and at the time of the filing of the petition herein by the plaintiff there was no jurisdictional officer in said county who was authorized by law to grant a writ of *habéas corpus.*

The petition prays for a writ of *habeas corpus,* and that the defendant bring the plaintiff before this court in pursuance of the statute, to be dealt with as provided by law, and that, if it should be found by this court that the petitioner is not entitled to be released and discharged, the court make an order admitting him to bail.

On this petition a writ of *habeas corpus* was issued. For his return to the writ the defendant filed his answer in substance:

That the plaintiff is in his custody as such sheriff, is confined in said county jail of said county, and that he is confined and restrained in said jail by reason of a commitment issued by A. Neely, a justice of the peace of said county; that he holds the plaintiff as such prisoner by virtue of said writ of commitment issued by said justice of the peace as aforesaid; and that the defendant is now holding plaintiff as the duly qualified and acting sheriff of said county of Bryan, in the state of Oklahoma, under and by virtue of said commitment.

By agreement of counsel this case was heard in this court upon the record of the testimony introduced at the preliminary examination before said A. Neely, justice of the peace within and for the county of Bryan, state of Oklahoma; and by like agreement the presence of the plaintiff and defendant in this court is waived.

*Utterback & Hayes* and *C. E. McPherren,* for plaintiff.

*Charles West,* Atty. Gen., and *W. C. Reeves,* Asst. Atty. Gen., for defendant.

BAKER, JUDGE (after stating the facts as above). The question before this court is: Is the plaintiff entitled to bail upon the testimony as shown by the transcript of the testimony adduced at the preliminary examination before said committing magistrate under section 8, art. 2 (Bunn's Ed. § 17), of the Bill of Rights of the state of Oklahoma? which reads:

"All persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great."

The question involved in this case has been fully decided by the Supreme Court of this state in a well-considered case and able written opinion, written by Mr. Justice Kane, in the case of *In re Thomas,* 20 Okla. 167, 93 Pac., which we quote and approve, commencing at page 980. Said court held:

"Primarily a person charged with a capital offense cannot demand bail as a matter of right, since, upon ascertaining the character of the charge against the accused, the next question

would be as to the degree of proof and the nature of the presumption of guilt. Upon an application to the Supreme Court for bail, by writ of *habeas corpus,* after commitment for a capital offense by a justice of the peace, the burden is upon the petitioner to show that he is illegally deprived of his liberty—citing *Ex parte Hannock,* 78 Ala. 414; *Ex parte Rhear,* 77 Ala. 92; *Ex parte Vaughn,* 44 Ala. 417. On this question there is little conflict in the authorities. Alabama, California, Florida, Indiana, Nevada, New Jersey, New York, Utah, and Wyoming all support the proposition. Texas seems to be the only state placing the burden of proof upon the state to show that the offense is a capital one and that the proof is evident; but even there the doctrine of the text prevailed until it was upset in the case of *Ex parte Bud Newman,* 38 Tex. Cr. R. 164, 41 S. W. 628, 70 Am. St. Rep. 740. We believe that, with the burden of proof on the petitioners, if, after hearing the whole evidence introduced on the application for bail, it is insufficient to generate in the mind of the court a reasonable doubt whether the accused committed the act charged, and in doing so they were guilty of a capital offense, bail should be refused. But we do not wish to be understood as laying this down as a hard and fast rule, to which there may be no exceptions. There may be exceptional circumstances, such as the serious and probably fatal injury to health, or unusual and protracted delay upon the part of the state in bringing the prisoner to trial, that may warrant the court hearing all the evidence to admit to bail, when the proof of guilt is evident or the presumption thereof is great. The admission to bail, however, under these circumstances, is not a constitutional right, but a matter resting on the sound judicial discretion of the trial judge, who should not grant it save under extraordinary circumstances."

The undisputed proof in this case shows that the petitioner is now suffering with pneumonia and other ailments, and that by reason of bad condition of the county jail of Bryan county, it being poorly heated, lighted, and ventilated, and having no sanitary provisions or regulations, the continued confinement of the petitioner therein would endanger his health, and perhaps his life. While this court is expressing no opinion, and does not comment, upon the evidence respecting the guilt or innocence of the plaintiff of the crime charged against him, we will only

say that, following the rule laid down in the case of *In re Thomas et al., supra,* and in the opinion of the case of *United States v. Jones,* 3 Wash. (C. C. ) 224, Fed. Cas. No. 15,495, in which the court held: "Where an application for bail showed that the prisoner's health was bad, his complaint pulmonary, and that, in the opinion of his physician, confinement during the summer might so far increase his disorder as to render it ultimately dangerous, the court said: 'The humanity of our laws, not less than the feelings of the court, favor the liberation of a prisoner upon bail under such circumstances. It is not necessary, in our view of the subject, that the danger which may arise from his confinement should be either immediate or certain. If, in the opinion of a skillful physician, the nature of his disorder is such that the confinement must be injurious and may be fatal, we think he ought to be bailed.' Bail should not be granted on the ground of bad health, unless it be rendered probable by testimony that confinement has produced, or is likely to produce, fatal or serious results." *Ex parte Pattison,* 56 Miss. 161; *Lester v. State,* 33 Ga. 192; *U. S. v. Kie* (Alaska) 4 W. C. Rep. 553; *Ex parte Meador* (Tex. Cr. App. 1892) 20 S. W. 371; *Com. v. Semmes,* 11 Leigh (Va.) 666; *Archer's Case,* 6 Grat. (Va.) 705—that the right to give bail is herein granted the petitioner for the sole reason that he is now suffering from pneumonia and other physical ailments, and that his continued confinement in said jail will greatly injure his health and probably result in his death; and this court fixes the amount of bail herein at the sum of $10,000. which is fixed at the above-stated amount upon proof showing the plaintiff to be financially unable to furnish bail in a larger sum.

It is therefore ordered by this court that a mandate issue to the proper authorities of Bryan county, Okla., admitting plaintiff to bail in the sum aforesaid.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.