## *In re* M. F. FRALEY.

No. A-828. Opinion Filed July 13, 1910.

1. HABEAS CORPUS—Subsequent Application—Conclusiveness of First Decision. Where the Criminal Court of Appeals on final hearing has discharged a writ of habeas corpus theretofore issued, it will not ordinarily entertain a subsequent application for a writ based on the same ground and the same facts, or on any other ground or facts existing when the first application was made, whether presented then or not.

2. HOMICIDE—Evidence—Threats —Reputation—Materialty. Upon a charge of murder, where the killing is admitted, evidence of the general reputation of the deceased and of the threats made by the deceased, whether communicated or uncommunicated, are neither relevant nor material, unless some evidence is first introduced tending to show that the defendant acted in his real or apparent necessary self-defense in committing the homicide.

3. BAIL—Right to—Life Endangered by Confinement. Where it is clearly shown that a defendant, held to answer a capital charge, is suffering from a serious malady, endangering his life, and that confinement in jail would probably result fatally to him, and that it will be several months before he can be tried, he may be admitted to bail.

(Syllabus by the Court.)

*Original Proceeding in Habeas Corpus.*

*Boone, Leahy & McDonald* and *Thomas T. Cope,* for petitioner.

*L. F. Roberts,* County Attorney of Osage County, for the State.

RICHARDSON, JUDGE. M. F. Fraley, the petitioner, is confined in the county jail of Osage County charged with the murder of one Dan Parker, and he has applied to this court for the second time for a writ of *habeas corpus* to the end that he be let to bail. The writ was granted, return thereto has been made; and the matter has been heard on the testimony taken in petitioner's examining trial, and on additional testimony tending to show that petitioner prior to the killing was recognized in the

community in which he lived as a man of good character; that the
deceased had a bad reputation; that prior to the killing the de-
ceased had made threats of violence against petitioner; and that
the petitioner is now in ill health, that he has lost thirty pounds
since his incarceration in jail, that he is fast becoming a nervous
wreck, and that he has become afflicted with a serious kidney
trouble likely to terminate fatally in the event that he is con-
tinued in confinement, and that the next term of the district court
of Osage County will not convene until November, 1910.

The petitioner made a former application to this court by
writ of *habeas corpus* to be let to bail, there contending that his
guilt was not evident or the presumption thereof great; and upon
a hearing of the matter this court held that on the showing made
the petitioner was not entitled to bail. The testimony taken in
the preliminary examination, the proof now offered of petitioner's
good character and the deceased's bad reputation, and the fact
that the deceased had made threats of violence against petitioner,
go only to the issue already determined in the previous applica-
tion for the writ. The facts which that evidence tends to prove,
if true, existed at the time of the former application; the evi-
dence might then have been offered in support of that application,
but the matters to which it relates now stand concluded by the
judgment of this court already rendered upon the former applica-
tion. This court will not entertain successive applications for
writs of *habeas corpus* based upon the same ground. Ordinarily,
whatever causes exist at the time application for a writ of *habeas
corpus* is made why the petitioner should be discharged or let to
bail, must be presented to this court upon the hearing of that ap-
plication; and if they be not so presented at such time, they will
not be heard in a subsequent application. Furthermore, the killing
being admitted, the reputation or character of the deceased and
the matter of threats made by him, whether communicated or
or uncommunicated, are neither relevant nor material, unless
some evidence is first introduced tending to show that the defend-

ant acted in his real or apparent necessary self-defense, which has not been done in this case.

It is now made to appear, however, that the judge of the district court of Osage County is disqualified to try this case because of the fact that he was practically a witness to the killing, and for that reason and on account of the fact that no other judge was assigned to that county, the trial has been continued until the November term of the court. It is also clearly shown by the testimony of three reputable physicians that since his first application the condition of the petitioner's health has become serious, endangering his life, and that further confinement will probably result fatally to him. No counter-showing whatever has been made. On the contrary the county attorney of Osage County upon this hearing stated to the court that he was unable to controvert those matters for the reason that he knew them to be true in fact, and that in his opinion the petitioner should be granted bail. Considering all these matters, we are of the opinion that the petitioner should now be let to bail, and that his bail should be fixed at the sum of $20,000.

It is therefore ordered that the petitioner, M. F. Fraley, be and he is hereby admitted to bail upon the charge of murder now pending against him in the District Court of Osage County, and that his bail be and the same is hereby fixed at the sum of $20,000; and that he be released from custody upon his executing and causing to be filed with and approved by the clerk of the District Court of Osage County a good and sufficient bond in said sum, conditioned as required by law.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.