### Ex parte H. E. ROBARDS.

No. A-5389. Opinion Filed Jan. 28, 1925.
(233 Pac. 247.)

(Syllabus.)

1. **Bail—Constitutional Right to Bail.** All persons have constitutional right to bail by sufficient sureties, except for capital offenses, when the proof of guilt is evident, or the presumption thereof is great.

2. **Bail—Granting Bail on Ground of Illness Within Sound Discretion of Court.** The granting or denying bail on the ground of bad health and a gunshot wound, requiring surgical treatment in a hospital, is a matter within the sound discretion of the court.

3. **Same—Defendant in Capital Case Admitted to Bail, Where Confinement Will Aggravate Ailment.** Where it is clearly shown that a defendant confined to jail for a capital offense is suffering from gunshot wounds and other ailments likely to be aggravated by the continuance of such confinement, and that it will be several weeks before he can be tried, he will be admitted to bail.

Application of H. E. Robards for writ of habeas corpus to obtain his release on bail. Writ allowed.

See, also, 29 Okla. Cr. 89, 233 P. 246.

J. R. Charlton, for petitioner.

The Attorney General, for respondent.

DOYLE, J. In this case petitioner, H. E. Robards, has applied to this court for the second time for a writ of habeas corpus to the end that he be let to bail. In his for-

mer application to this court to be let to bail it was alleged that his guilt was not evident nor the presumption thereof great, and upon a hearing this court on the 29th day of November, 1924, held that on the showing made the petitioner was not entitled to bail.

Petitioner now contends that he should be let to bail, first, because the proof of his guilt of a capital offense is not evident, nor the presumption thereof great; and, second, that the circumstances are such that the court should exercise its discretion and admit petitioner to bail.

It is averred that in the month of December, 1924, he was tried in the district court of Washington county for the crime of which he is charged, and was convicted by a jury who fixed his punishment at 25 years in the state penitentiary; that immediately his attorney filed a motion for a new trial, and said motion was granted; that he has made application before the judge of the district court of Washington county for bail, which application has been refused.

It is further averred that at the time of his arrest he was shot through the right arm, and that the bullet crushed the bone midway between the elbow and shoulder; that he was soon thereafter taken to the Memorial Hospital in the city of Bartlesville, and his arm was improperly set by the county physician of said county; that it was placed in a plaster of paris cast for a number of weeks, and when the cast was removed it was found by an X-ray picture that the arm had never been properly set; that the bones of his arm had been shattered and a number of slivers of the bone were left imbedded in the flesh; that the bone had not knit; that the ends of the bones did not even touch, and the physicians decided that it would be necessary to break and reset his arm; that on January 2, 1925, he was taken from the jail to the hospital and an operation was performed by three physicians and the arm reset; that

for several days he was deathly sick, suffered a great nervous shock, and that his arm was and is now swollen and causing him great pain and suffering; that on the 6th day of January, while still sick and unable to sit up, he was by the sheriff of said county removed from the hospital to the county jail where he now is.

Where this court has denied an application for bail, it will not ordinarily entertain a subsequent application based on the same grounds and the same facts, or on any other grounds or facts existing when the first application was made, whether presented then or not. In re Fraley, 4 Okla. Cr. 91, 111 P. 662.

However, where, as in this case, it is shown that following the decision of the court the petitioner was placed upon trial resulting in his conviction, the jury fixing the minimum punishment prescribed by law, and that his motion to set aside the verdict and grant a new trial was allowed and a new trial granted, we are inclined to think that petitioner should be admitted to bail. Admission to bail is a right of the accused which cannot be denied, except in capital cases where the proof is evident or the presumption great. If the motion for new trial had been overruled and judgment rendered in pursuance of the verdict, and an appeal therefrom taken to this court, the petitioner would be entitled to give bail pending the determination of such appeal.

By numerous decisions of this court it is held that, when it is made clearly to appear by the testimony of competent physicians, who have examined the physical condition of the prisoner at the time the application is made, that there is strong ground for the opinion that continued confinement would cause the disease from which the prisoner is then suffering to terminate fatally, he should be released on bail. Ex parte Watson, 1 Okla. Cr. 595, 99 P. 161; Ex parte Smith, 2 Okla. Cr. 24, 99 P. 893; In re Fraley, supra.

Under all the circumstances of this case we are of the opinion that the petitioner should be let to bail, and accordingly it is therefore ordered and adjudged that petitioner, H. E. Robards, be and he is hereby admitted to bail upon the charge of robbery by fire arms now pending against him in the district court of Washington county, and that his bond be and is hereby fixed at the sum of $15,-000, and that he be released from custody upon his executing and causing to be filed with and approved by the court clerk of said county a good and sufficient bond in said sum, conditioned as by law provided.

BESSEY, P. J., and EDWARDS, J., concur.