## Ex parte CLARENCE ADAMS et al.

No. A-5259. Opinion Filed March 7, 1925.
(233 Pac. 788.)

(Syllabus.)

1. **Bail—Burden on Petitioner for Bail After Commitment for Capital Offense.** Under Const. art. 2, § 8, providing that "all persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great," upon an application for bail by writ of habeas corpus, after commitment for a capital offense, by a committing magistrate, the burden is upon the petitioner to show that he is illegally deprived of his liberty.

2. **Same—Persons Accused of Robbery by Use of Firearms Held Entitled to Bail.** Petitioners charged with robbery by the use of firearms, as defined by chapter 85, Laws 1923, were held and committed without bail on the preliminary examination. Evidence examined, and held sufficient to show that petitioners are entitled to be admitted to bail as a matter of legal right.

Application of Clarence Adams and Alpha Stanton for writ of habeas corpus to be admitted to bail. Bail allowed.

Tillman & Tillman and W. D. Pierson, for petitioners.

The Attorney General, C. W. King, Asst. Atty. Gen., and C. E. Dailey, Co. Atty., of Bartlesville, for respondent.

DOYLE, J. In this proceeding, Clarence Adams and Alpha Stanton have filed a petition for writ of habeas corpus to obtain their release on bail, having been committed by an examining magistrate of Washington county, after a preliminary examination, and without bail, to answer to the district court of that county upon a charge of having robbed the Security National Bank of Dewey; that on the 26th day of July, 1924, an application for bail was made to the judge of the district court of said county, and the same was denied.

On the application of this court, the county attorney and counsel for petitioners having filed a stipulation that the writ need not issue in the first instance, and that the

merits may be disposed of upon the transcript of the testimony taken at the preliminary examination before W. P. Tyndall, justice of the peace, upon a hearing August 21, 1924.

It was the contention on the part of the petitioners that they were entitled to bail as a matter of right, upon the testimony taken upon said preliminary examination, for the reason that the proof of their guilt is not evident, nor the presumption thereof great.

Under Const. art 2, § 8, providing:

"All persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great,"

this court has held that, under the constitutional provision, one charged with a capital offense is entitled to bail as an absolute right, "unless the proof of guilt is evident, or the presumption thereof is great," and in case the proof of guilt is evident or the presumption thereof great, the granting or refusal of bail is a matter of judicial discretion. Ex parte Watson, 1 Okla. Cr. 595, 99 P. 161; In re Fraley, 4 Okla. Cr. 91, 111 P. 662; Ex parte Holden, 171 P. 925.

Upon a consideration of the evidence and the argument of counsel, it was adjudged and ordered that petitioners be admitted to bail in the sum of $20,000 each, bond to be conditioned as by law provided; the same to be approved by the court clerk of Washington county, and, upon approval of the same, said court clerk shall notify the sheriff of said county, who shall discharge said petitioners from custody.

On September 12th an application to reduce the amount of bail so fixed was made, and for the reason stated, counsel for the state not objecting, bail heretofore granted was reduced to $15,000 each.

MATSON, P. J., and BESSEY, J., concur.