## Ex parte ERNEST KEY.

No. A-6294.   Opinion Filed July 16, 1926.
(248 Pac. 351.)

See, also, 34 Okla. Cr. 334, 246 P. 1118.

Sigler & Jackson, W. F. Bowman, and Champion, Champion & Fischl, for petitioner.

Geo. F. Short, Atty. Gen., for respondent.

EDWARDS, J. This is an original application in habeas corpus by Ernest Key to be let to bail. The petitioner sets out that he is held in the jail of Carter county upon a charge of murder and alleges that the proof of his guilt is not evident nor the presumption great. It is further made to appear that a previous application has been made in this case to this court and bail denied, and the petitioner now alleges that

since the former hearing he has discovered new and important testimony, which was unknown to him at the time of the former hearing, and which shows that at the time of the homicide charged the petitioner was acting in his necessary self-defense.

It is the policy of this court, where an application by habeas corpus to be let to bail is heard and denied, the court will not ordinarily entertain a subsequent application based on the same grounds or facts or any other grounds or facts existing when the first application was made. In re Fraley, 4 Okla. Cr. 91, 111 P. 662. Whatever grounds a petitioner relies upon for bail should be developed in the first instance, and, if not presented, then will not be heard upon some subsequent application. A state of facts might be shown where evidence could not be had upon a first application, and where, in furtherance of justice, a subsequent application upon the same grounds should be entertained. But in such case a mere lack' of diligence or failure to use every effort to procure the evidence in the first instance will not be a sufficient reason for the court to entertain a second application upon the same ground.

The transcript of the evidence taken at the preliminary and used on the first application, and again introduced at this time with evidence subsequently taken, discloses that on the 14th day of May the petitioner in the town of Ardmore shot and killed one George Whitford. The killing took place at the Liberty Rooms, which appear to have been at the time operated by petitioner as public gambling place, and in which at the time a game of poker was in progress. Just prior to the killing, the petitioner was engaged in the game. There had been a state of ill feeling between the deceased and petitioner for some time, and in the progress of the game the deceased came

into the room, spoke to several of the participants in the game in a friendly manner, and watched the play for some minutes. The petitioner was on the opposite side of the table, facing him. After a few minutes the petitioner got up, left the room, was gone a short time, and returned and immediately shot and killed deceased. The witnesses were the parties present, some eight or ten in number, and most of whom were participants in the game. Several of them testified in the preliminary hearing and stated freely their recollection of who was present at the time. Since the petitioner conducted and operated the place and must have scrutinized or observed who was present, or at least could easily have ascertained, there was no good reason why their evidence should not have been presented in the first instance. The evidence now offered of other persons who were present at the time, and who were either known by the petitioner or by due diligence could have been known, is not such newly discovered evidence as entitles the petitioner to make a subsequent application upon the same grounds and upon the same facts determined in his previous application. He is concluded by the judgment of this court already rendered upon his former application. The case of Ex parte Hamilton, 65 Miss. 38, 3 So. 68, while based upon a statute, is enlightening; it is there said that the nature of the proceeding precluded the adoption of the rule applicable to new trials for newly discovered evidence.

The writ is discharged, and the petitioner is remanded to the custody of the sheriff of Carter county.

BESSEY, P. J., and DOYLE, J., concur.