### Ex parte CHARLES T. WILCOX.

No. A—9538.   July 15, 1938.

(81 P. 2d 671.)

Tillman & Tillman, of Pawhuska, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sim T. Carman, Co. Atty., of Pawhuska, for the State.

PER CURIAM. Petitioner has made application to this court for a writ of habeas corpus, alleging that he is unlawfully restrained of his liberty by R. B. Conner, sheriff of Osage county. That an information has been filed against him in said county charging him with the crime of murder, and that he has been held without bail, and that he has heretofore made application to the district court of Osage county for a writ of habeas corpus to be permitted to be discharged upon the giving of bail, and that the application has been denied. Upon the presentation of the writ, an order was made by this court to show cause, and a hearing was had, and a transcript of the evidence and oral testimony was heard by the court upon the application. The defendant testified in person at said hearing and also Dr. W. H. Aaron of Pawhuska.

It is contended by petitioner that his restraint is illegal and unauthorized and that he is entitled to bail for the reason:

(a) That the proof of guilt of the defendant is not evident or the presumption thereof, great.

(b) That the health of defendant is such that if he is confined in jail that it will be extremely detrimental to his health and may result fatally to him.

It was stipulated and agreed between counsel representing the state and defendant that it would be impossible to try the case at any time prior to the second week in September. Counsel for defendant, in order to substantiate the second contention, placed Dr. W. H. Aaron of Pawhuska upon the witness stand. His qualifications were admitted. He

testified that he had made two physical examinations of defendant since he had been placed in jail, and had examined him the day before his testimony was given at this hearing. He testified:

"Q. I wish you would tell the court what condition you found him in? A. Generally? A. Yes, sir. A. I examined him sometime about the 22nd or 23rd of June, then I examined him again yesterday. I saw him once since the 22nd of June. I found him to be a man, appeared to be 70, he said he was 61, he is emaciated—poor, skin in wrinkles; the skin was loose over his face, body, palms and limbs, he coughed constantly when I examined him the first time, he had been burned nearly to the elbow on both hands, at least above the wrist, that pealed off, he evidently sucked fire into the throat, lungs and nose, the whole mouth raw from the lips back through the throat. An examination of the lungs shows deposition of moist rales becoming pronounced around the area of the center. He has got an enlarged heart, he has got arteriosclerosis, probably cirrhosis of the liver. He can't shut his eyes and put his feet together, he falls over, that is a disturbance of the brain. He has fallen off appreciable since I saw him the last time, he complains of the head, that 'I can't see.' Every time I saw him he complained of headache, rests bad at night, he told me he did not have it before the night of this fire, I didn't examine his nose, probably he got as much fire in the nose as in the throat. Q. Now, doctor, from the examination of the defendant, will you state to the court whether or not, in your opinion, confinement in the county jail is detrimental to his health, if he is confined there until the second week of September, whether or not in your opinion that confinement will result fatal to him? A. I look for it to, I don't think he can stand it."

No testimony was offered by the state to contradict this evidence. Under this state of the record, and without any comment upon the evidence respecting the guilt or innocence of defendant of the crime charged against him, and without passing upon the first proposition presented by defendant, we are of the opinion under the law as heretofore announced by this court defendant is entitled to bail. Ex parte Watson, 1 Okla. Cr. 595, 99 P. 161; Ex parte Smith, 2 Okla. Cr. 24, 99 P. 893; In re Farley, 4 Okla. Cr. 91, 111 P. 662; Ex parte Emma Rivers, 9 Okla. Cr. 720, 131 P. 1197.

It is therefore ordered that the petitioner Chas. T. Wilcox be and he is hereby admitted to bail upon the charge of murder now pending against him in the district court of Osage county, and that his bail be, and is hereby fixed at the sum of $15,000; and that upon the execution of said bond and the approval of the same by the court clerk of Osage county, defendant is ordered discharged.