## Ex parte JESSE McINTOSH.

No. A-11167.   Dec. 15, 1948.

(201 P. 2d 258.)

Welch, Bounds & Kile, of Hugo, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, J. The petitioner, Jesse McIntosh, was charged by verified complaint with the crime of robbery with firearms before Honorable Carl Prewitt, county judge of McCurtain county, Oklahoma, sitting and acting as examining magistrate; and on the 3rd day of November, 1948, after preliminary hearing, petitioner was bound over without bond to the district court where he now stands charged by information on said charge.

Thereafter, and on the 5th day of November, 1948, said Jesse McIntosh having made application to the district court for a writ of habeas corpus for admission to bail and upon hearing the same said application was by the court denied. Thereafter, and on the 5th day of November, 1948, application was made to the district court of McCurtain county for leave of Sheriff C. H. Roan to transport the petitioner to the State Penitentiary at McAlester for safekeeping and in order that proper facilities for medical aid and treatment might be provided for the petitioner pending his trial in the district court of McCurtain county, Okla. On the hearing of said application by evidence and stipulation of the parties, it appeared that Jesse McIntosh is addicted to the use of narcotics and that he is suffering with acute tuberculosis. It appeared further to the court that the facilities of the county jail of McCurtain county, Okla., are totally inadequate to properly care for the said Jesse McIntosh

while therein confined and awaiting trial. It further appeared that adequate facilities are available at the penitentiary for giving the said Jesse McIntosh proper medical care and treatment as well as to safely keep him until his appearance is demanded for trial in McCurtain county. Thereupon the said court ordered C. H. Roan, sheriff of McCurtain county, Okla., to immediately transport said Jesse McIntosh to McAlester, Okla., and to deliver him to the warden of the State Penitentiary at McAlester, Okla., for safekeeping and care pending trial.

In his petition for a writ of habeas corpus herein, petitioner first contends that his guilt is not evident, nor the presumption thereof great, and, second, that his physical condition is such that his health will be seriously impaired and death will probably result from confinement in either the penitentiary where he is now confined or the county jail of McCurtain county, and that under the facts he is unlawfully restrained and entitled to be admitted to bail pending trial to answer said charge of robbery with firearms. The transcript of the evidence taken before Honorable Carl Prewitt, county judge and committing magistrate, is introduced as evidence herein. It reveals an aggravated case of robbery with firearms of Dr. H. W. Williamston and his wife at Idabel, Okla. Briefly the defendant and his accomplice broke into Dr. Williamston's home some time after 2 o'clock on the morning of September 25, 1948, beat Dr. and Mrs. Williamston into a state of temporary unconsciousness with an automatic pistol. After a while, Dr. Williamston regained consciousness and was forced to open his safe and deliver over to the defendant and accomplice $1,800 in cash and approximately $1,200 worth of jewelry. Thereafter, the petitioner put pillow cases

over their heads, tied them up, threatening to kill them and otherwise misused and abused them. The petitioner was later identified by Dr. Williamston as a former patient of his.

At the hearing before this court it was further made to appear that Jesse McIntosh was formerly convicted of robbery in the State of Oklahoma in 1925, in 1935 was convicted of violating the Narcotic Act, and in 1944 was convicted of the crime of robbery with firearms in Lamar county, Texas.

The state agreed that the petitioner was at the present time afflicted with an acute case of tuberculosis.

Without passing upon the first question raised by the defendant, to the effect that proof of the guilt of the defendant is not evident or the presumption thereof great, we are of the opinion that under the law as heretofore announced by this court the defendant would be entitled to bail, because of the condition of his health, which might be aggravated by long and continued confinement in jail, or terminate fatally. Ex parte Wilcox, 64 Okla. Cr. 405, 81 P. 2d 671; Ex parte Watson, 1 Okla. Cr. 595, 99 P. 161; Ex parte Smith, 2 Okla. Cr. 24, 99 P. 893; In re Fraley, 4 Okla. Cr. 91, 111 P. 662; Ex parte Emma Rivers, 9 Okla. Cr. 720, 131 P. 1197. But at the hearing had before this court it was made to appear that there will probably be a special sitting of the district court of McCurtain county in December, 1948, at which time the defendant will probably be tried, and it further appearing that counsel for the defendant expressed himself as desiring a speedy hearing on said matter, this court is of the opinion that under the record herein, the petitioner's present confinement in the penitentiary until at least January 1, 1949, would not further

impair the petitioner's health or endanger his life, but that in the event trial is not had by January 1, 1949, petitioner should be granted bail.

Therefore, because of the nature of the charge pending against the petitioner, this court, on November 12, 1948, made and entered its order denying the application for bail upon express condition that petitioner's case be tried before January 1, 1949, and further provided that if petitioner's case be not set for trial before January 1, 1949, or if set for trial and the cause is postponed through no fault of the defendant, then in said event the district court of McCurtain county was directed to fix a reasonable bond for said petitioner. In keeping with said order the writ is denied, and the district court of McCurtain county, Okla., is ordered and directed in the event of a denial of trial prior to January 1, 1949, to comply with the order as above stated.

BAREFOOT, P. J., and JONES, J., concur.