fighting "Pistol" Linthicum; that "Pistol" called on the defendant to help him and that she went to her home and later returned with the 3.2 calibre pistol; that the deceased came along his car with a car crank in a hand walking toward defendant, and at the same time his brother Charley Gibson had gotten a .22 rifle and was threatening to kill all of them and that thereupon the defendant shot deceased, fearing that he was about to attack her with the car crank, and after firing one shot ran.

Thus, it was for the jury to consider the facts and apply the law as covered by the instructions of the court. Not one of the instructions given was excepted to, and the court was most liberal in setting out defendant's theory of the case and giving very favorable instructions. The jury was most lenient.

We have found no fundamental error in the record. The judgment is affirmed.

BRETT, P. J., and JONES, J., concur.

## In re DUE et al.

No. A-11386. April 11, 1951.

(230 P. 2d 281.)

Vincent Harper, El Reno, for petitioners.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, P. J. On March 13, 1950, the petitioners, Scott Junior Due and James D. Teeters, filed in this court their petition for a writ of habeas corpus alleging that they were unlawfully restrained in custody in the county jail of Canadian county, at El Reno, Oklahoma, by Lloyd Palmer, sheriff of said county. They allege the cause of said restraint is a charge of attempted robbery with a dangerous weapon, pending against them upon which they were arraigned before the district court of Canadian county, and the judge thereof, and bail denied.

Upon application to this court it was contended that the petitioners were entitled to bail, as a matter of right, for the reason proof of their guilt was not evident nor the presumption thereof great.

The county attorney waived appearance at the hearing on said petition and consented that the same may be heard upon the statement of counsel for the petitioners. Under the provisions of the Oklahoma Constitution, Article II, § 8:

"All persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great."

This court has repeatedly held that under that constitutional provision, one charged with a capital offense is entitled to bail as an absolute right, "unless the proof of guilt is evident, or the presumption thereof is great". Ex parte Adams, 29 Okla. Cr. 341, 233 P. 788. Upon being well and sufficiently advised of the merits herein, it was adjudged and ordered that the petitioners be admitted to bail in the sum of $5,000 each, to be conditioned as by law provided, the same to be approved by the court clerk of Canadian county, Oklahoma, and upon approval of the same, said clerk to notify the sheriff of said county who was directed to discharge the petitioners from custody.

JONES and POWELL, JJ., concur.

## Ex parte LEA.

No. A-11540    April 11, 1951.

(230 P. 2d 280.)

Willard M. Gotcher, McAlester, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, P. J. This is an original proceeding brought in habeas corpus filed herein on January 30, 1951, by Carney Lea, petitioner, wherein he complains that he is being unlawfully restrained of his liberty by Honorable Bill Alexander, sheriff of Pittsburg county, Oklahoma. He alleges the cause of said restraint is a hold order from the State of California upon the authority of which he is being held for the agent of the State of California, and that unless relief is had by habeas corpus, he may be unlawfully removed to the State of California.

He further complains that he is allegedly being held under and by virtue of an extradition warrant issued May 19, 1949, by the Governor of the State of Oklahoma upon the requisition of the Governor of the State of California, for the extradition of the petitioner to California. He further alleges that the said warrant is null and void and his restraint is therefore illegal. He states he has not seen said warrant and requests that the agent of California be required to produce the warrant in this court. He further complains said agent from California has not produced a copy of any indictment or information or an affidavit made before a magistrate of the State of California charging him with treason, felony or other crime contrary to the laws of the State of California, certified