## Ex-parte Dyson, 25 Miss. Rep., 356.

### Homicide.

#### BAIL.

By the constitution of this state, all prisoners, before conviction, are bailable by sufficient securities, except for capital offenses, where the proof is evident or presumption great. [1]

The circuit courts of this state now possess and may exercise the power of bailing after conviction in all cases not capital, whenever a sound discretion will warrant it. *Semble*. In cases of misdemeanor, whenever the party obtains a writ of error and *supersedeas*, this discretion ought always to be exercised in favor of bail.

In cases of bail each case must depend upon its individual merit. And, after a full inspection of the case, if the court does not find the existence of those special circumstances which ought to exist, bail will be refused. [2]

This was an application by James H. Dyson, who had been

[1] Street v. State, 43 Miss., 1.

[2] In the case of Street v. State, 43 Miss. R., 1, the subject of bail is fully discussed. The case of Dyson is there cited and explained, and the practice on *habeas corpus* in cases of bail, together with the discretionary powers of the court hearing the *habeas corpus*, are fully set forth in a very comprehensive and elaborate opinion by Sim-rall, J.

convicted of manslaughter in the circuit court of Panola county, and sentenced to fifteen years in the penitentiary, to be discharged on bail until his case can be re-argued in this court, having had the sentence of the circuit court confirmed by the high court; on application a re-argument was granted.

*Watson & Estelle,* for prisoner, filed no brief in the papers.

*D. C. Glenn,* attorney general.

The demandant stands convicted of manslaughter, and sentenced to fifteen years imprisonment in the penitentiary. He sued out a writ of error to this court and a *supersedeas.* The cause coming on to be heard, the judgment of the court below was affirmed. A petition for rehearing has been filed, and has been granted, and the case stands for a re-argument.

I oppose the application now made in the case. I will not deny the power of the court to grant the bail. I presume it is regarded as settled.

I, however, deny that the demandant has an absolute right to bail after conviction. The constitution I do regard as having made it the sworn duty of this court to turn loose every convicted felon in this state, except where he had slain his fellow-man. It uses the word " offenses." Is the word " offense" used when a man has been convicted, or does it not refer to cases where a party is charged and not convicted? Chief Justice Henderson, of North Carolina, in 2 Haws, 447, says that this clause " relates entirely to prisoners before conviction." It seems to me that this is the true position.

The court, then, has the power to bail, but the prisoner has only a conditional right to bail, not an absolute one. As Judge Henderson says, then, the middle course is the true one, " to leave it to the sound discretion of the judge before whom the appeal is taken."

Being, then, a matter of discretion, the only question is, Does this case demand its exercise? I think, for various reasons, it does not.

1. Because the demandant stands convicted of a felony second only to murder, and condemned to an infamous punishment, fifteen years in the state prison.

2. Because, upon solemn argument, this judgment has once been affirmed by this court.

3. Because the facts show a case of enormous guilt on the part of demandant, and upon the law there is only a possibility of a reversal of his conviction on two points only out of thirteen assigned as error.

4. Because, from the magnitude of the offense, the severity of the punishment, and the alarming doubts of the final issue of the case growing out of its past history, showing two adverse judgments, in all human probability, and looking at the matter as reasonable men, we must infer that the inducement to the demandant to flee the justice which seems impending over him will be very great; nay, will it not be irresistible?

5. Because there is no written precedent in the state which sustains the demandant. The case of Davis would only sanction bail in cases of "fine and imprisonment," and only then " where there are peculiar circumstances incident to the case ;" and it is held, that " the court should exercise the power with great caution, and only in minor offenses." Davis' case, 6 Howard, 399.

6. Because I believe, in the strong language of Chief Justice Henderson, that " to compel the defendant in all cases of appeal, even for the most petty misdemeanors, to go to jail but by permission of the prosecuting officer, would render useless the right of appeal; and an indiscriminate right of going at large, upon giving bail, after an appeal, would be rendering the criminal law a dead letter."

YERGER, J.:

James H. Dyson was indicted for murder in the circuit court of Panola, at the May term, in the year 1852, was convicted of manslaughter in the first degree, and sentenced to imprisonment in the penitentiary for fifteen years. A writ of error was prosecuted by him to this court, and, after argument, the judgment of the circuit court was affirmed, two of the judges being of opinion that there was no error in the record, and one of them believing that there was. An application for a re-argument was made, and a re-argument granted, the judgment of affirmance

being set aside. This re-argument cannot be had until the October term of this court, and an application is now made by the prisoner to be discharged on bail, till his case can be re-argued in this court.

By the constitution and laws of this state, "all prisoners, before conviction, are bailable by sufficient securities except for capital offenses, where the proof is evident and the presumption great." Const., art. 1, § 17. The right of a prisoner to bail, after conviction, is not regulated by the constitution or by statute, and is governed by the rules and practice of the common law. It seems to be fully and clearly established, that the court of king's bench could bail in all cases whatsoever, according to the principles of the common law; the action of that court not being controlled by the various statutes enacted on the subject of bail, but regulated and governed entirely by a sound judicial discretion on the subject. 2 Hale's P. C., 129; 4 Co. Inst., 71; 2 Com. Dig., p. 6, tit. (f. 3); 1 Bacon's Ab., 483, 493; 2 Hawk. P. C., 170; Cowp. R., 333.

In the exercise of this discretion, the court in some instances admitted to bail, even after verdict, in cases of felony, whenever a special motive existed to induce the court to grant it. 1 Bac. Abr., 489, 490; 2 Hawk. P. C., 170.

In this state it has been held, that the circuit courts now possess and exercise the power of bailing after conviction, in all cases not capital, whenever a sound discretion will warrant it. In cases of misdemeanor, whenever a party obtains a writ of error and *supersedeas*, we think this discretion ought to be always exercised in favor of bail.[1]

But in felonies not capital, while we admit the power of the circuit judges to take bail after conviction, we think it should be exercised with great caution, and only where the peculiar circumstances of the case render it right and proper.[2]

We do not deem it advisable, in this opinion, to enumerate the circumstances which in our judgment would warrant the exercise of the power to bail. Each case must depend on its own

[1] Hurd on Habeas Corpus, 446.
[2] Hurd on Habeas Corpus, 446; Davis v. State, 6 How., 399.

intrinsic merits, and we could not undertake to specify all cases in which it would be proper to bail.

In the case before us, we have not been able to find any special circumstances which should induce us to allow bail. The evidence of indisposition and ill health introduced, did not, in our opinion, establish such danger of loss of life from the prisoner's confinement as would justify us in bailing him, nor does the record contain any other peculiar facts, which render it proper to exercise the power.

While denying bail to the prisoner on this application, we would wish to be understood, that it is not done on the ground that he will be refused a new trial, as that is a question which can only be determined on the re-argument of this case. Bail is denied in this case, because, upon a full inspection of the record, we do not find the existence of those peculiar circumstances which ought to exist, in order to warrant the exercise of the power by us.

Bail refused, and prisoner remanded.

