DANIEL WINEGARDEN *v.* STATE OF MISSISSIPPI.

[39 South. Rep., 1013.]

1. CRIMINAL LAW. *Bail. Appeal. Code* 1892, § 66.

　Where a defendant is convicted of a felony, the condition of his family and of the patients employing him as a physician furnishes no ground for granting his application for bail pending an appeal, under Code 1892, § 66, requiring the exercise of caution in granting bail after conviction.

2. SAME. *Ill health. Concrete case.*

　The refusal in this case of bail pending appeal after conviction of felony to a defendant forty-nine years of age, because of alleged ill health—consisting of heart disease, asthma, catarrh. and indigestion—was not an abuse of discretion.

FROM the circuit court of Jackson county.

HON. WILLIAM T. McDONALD, Judge.

Winegarden, the appellant, was convicted of grand larceny. He petitioned the court for bail, pending an appeal from the conviction; but his petition was denied, and from the judgment denying bail pending appeal he appealed to the supreme court. The facts are stated in the opinion of the court.

*Barber & Mize,* for appellant.

Code 1892, § 66. So far as we are able to ascertain, this section has never been construed or passed upon in this state except in *Hill* v. *State,* 64 Miss., 431, where the only grounds pressed were that appellant's crop needed, his attention, his neglect of which would cause his financial ruin, and that his wife was a frail and delicate woman. This is not the instant case at all.

The peculiar circumstances in the instant case bring it within the statute, and the allegations set forth in appellant's petition, supported by the testimony taken on the hearing thereof, warrant the granting of bail to appellant and make it the court's duty to grant appellant bail.

The object of the statute is to look to all the circumstances relied on for the granting of bail. In this case, appellant, a white physician, had a large practice in Mobile, Alabama, as disclosed by the testimony—from six to eight patients visited his office daily; much of his work was charitable, as, notwithstanding the business he had, appellant was a poor man; he was the only doctor in Mobile county who practiced medicine on the theory that certain roots and herbs which he prescribed and furnished possessed medicinal properties not found in drugs; he relieved much suffering which other doctors had failed to alleviate; and great suffering was resulting and would result among his patients by reason of his confinement, there being no other physician in Mobile or Mobile county who could treat them by his methods. The testimony also disclosed that, during his absence while he was on trial, numbers of

patients, the sick, the lame, etc., were calling at his office for treatment.

A further strong reason why appellant should be granted bail, we contend, lies in the fact that he had an invalid daughter who needed his constant medical treatment, and whose case he best understood, and who would suffer by lack of said treatment. Another fact which should plead in his behalf is that his wife is so frail and delicate as to be practically helpless and destitute while her husband is confined in jail.

Appellant is a man forty-nine years of age, in very bad health, suffering greatly, and constantly taking medicine when not confined—a man upon whom confinement in jail would in all probability produce serious or fatal results.

*R. V. Fletcher,* assistant attorney-general, for appellee.

Appellant has been convicted of grand larceny and given a three-years' sentence in the penitentiary. The record shows that no physician testified except defendant himself, who seems to be an irregular practitioner of medicine. His health is shown to be somewhat impaired from indigestion, catarrh, and heart disease. It does not appear that confinement will materially aggravate his trouble. The rule is as follows: "Bail should not be granted on the ground of bad health, unless it be rendered probable by testimony that confinement has produced or is likely to produce fatal or serious results. Slight sickness is not sufficient, since there are few persons who will not be injuriously affected by imprisonment. There must be strong ground for apprehending a fatal result or permanent impairment of health." *Ex parte Pattison,* 56 Miss., 161. Of course, the unfortunate poverty of relator's family and the fact that they need his services cannot be considered.

CALHOON, J., delivered the opinion of the court.

Appellant was convicted of grand larceny and appealed. He applied for bail pending this appeal and was refused. The

record now before us presents simply an appeal by him from that refusal.

His affidavit in support of his application for bail shows that he is forty-nine years old, in bad health with heart disease, asthma, catarrh, and indigestion; that he, therefore, cannot stand confinement; that if he does not exercise freely he "almost smothers to death;" and that he will "probably not survive" the incarceration. The affidavit proceeds to say that his family, a wife and daughter, are in poverty; that he is their only means of support; that his daughter has been an invalid for years, and needs his medical care, he being a physician who understands her case better than any one else; that he is in large practice as a doctor of medicine, making a specialty of diseases curable by medicine concocted by him only from "native herbs and roots;" and that his large number of patients need him very much at this time, and he thinks that "many of them will never be cured" if they are "deprived of his medical attention."

We have deep sympathy for his family; but it is certain that their condition furnishes no ground, under the law, on which to base an order of bail. The same is true of the deprivation of his services to his patients, to whom we can extend our condolence only. *Hill* v. *State,* 64 Miss., 431 (1 South. Rep., 494). The statute (Code 1892, § 66) requires "the greatest caution" in ordering bail after conviction of felony. The court below, in the exercise of its statutory discretion, refused bail after hearing and seeing the witnesses, and we do not think it proper in this case to disturb the conclusion.

*Affirmed.*