## Ex Parte B. F. Prewitt.

[63 South. 225.]

1. COURTS. *Jurisdiction of supreme court to admit to bail. Proceedings. Sufficiency of evidence. Code* 1906, *section* 67. *Constitution* 1890, *section* 146.

The jurisdiction granted to the supreme court by section 67, Code 1906, to grant bail to a person convicted of a felony pending on appeal to that court, is not original, but is merely an incident to and in aid of its appellate jurisdiction and such statute is not therefore violative of section 146, Constitution 1890, providing that the supreme court shall have such jurisdiction as belongs to a court of appeals.

2. SAME.

Under section 67, Code 1906, the supreme court has the power to grant bail pending an appeal from a conviction of felony, only after a denial thereof by the trial judge, for the reason that the power granted it is revisory alone.

3. BAIL. *Proceedings. Sufficiency of Evidence.*

Where on the application by a prisoner convicted of a felony for bail pending an appeal to the supreme court, the evidence fails to show that confinement in jail pending such appeal would seri-

ously impair his health or imperil his life, bail should not be granted.

Appeal from the circuit court of Attala county.

Hon. James A. Teat, Judge.

Application by B. F. Prewitt for bail pending an appeal from a conviction of a felony.

The facts are fully stated in the opinion of the court.

*Adams & Dobbs,* attorneys for appellant.

*Geo. H. Ethridge,* assistant attorney-general, *contra.*

The record in this case is lost.

Smith, C. J., delivered the opinion of the court.

Some time since B. F. Prewitt was convicted of a felony in the circuit court of Attala county and sentenced to serve a term of imprisonment in the state penitentiary. From this judgment an appeal was taken by him, and the cause is now pending in this court. Having applied to the trial judge for bail pending his appeal, under section 67 of the Code of 1906, and been denied he now applies to this court therefor. This application is contested by the attorney-general on two grounds: (1) That so much of section 67 as confers on this court jurisdiction to grant bail pending an appeal is in violation of section 146 of the Constitution, and is therefore void; (2) that the evidence introduced in support of the application fails to make out a case wherein it is proper for bail to be granted.

The ground of the attorney-general's first contention is that in granting bail the court exercises original and not appellate jurisdiction, and that under section 146 of the Constitution this court is a court of appellate jurisdiction only. It is true that this court is one of appellate jurisdiction only, but we are of opinion that the jurisdic-

tion conferred upon it by this statute is not original, but is merely an incident to and in aid of its appellate jurisdiction. In *Ex parte Atkinson,* 101 Miss. 744, 58 So. 215, the court held that it had power under this statute to grant bail pending an appeal from a conviction of felony, after a denial thereof by the trial judge, for the reason that the power granted it was revisory, to be exercised only after a denial of bail by the trial judge.

Power to grant bail pending an appeal is almost a necessary incident to the power to hear and determine the appeal, for the reason that the physical condition of an appellant might be such that confinement at all would result in death, in which event his right to have his conviction reviewed by an appelllate court might be effectually denied. The granting of bail in such a case is analogous to the granting of a' *supersedeas* in a civil case, and one of the results of a conviction of a felony is that the person convicted must remain in custody pending his appeal, unless released on bail. In *Ex parte Dyson,* 25 Miss. 356, the power of the high court of errors and appeals to admit an appellant to bail pending his appeal, even in the absence of a statute conferring the power, was conceded by the attorney-general; the application being resisted and denied on another ground. It was said by Mr. Justice Brewer, in his dissenting opinion in *Hudson* v. *Parker,* 156 U. S. 277, 15 Sup. Ct. 450, 39 L. Ed. 424: "When jurisdiction is given over proceedings in error in criminal cases, that jurisdiction carries with it, by implication, the power to make all orders necessary and proper not merely for bringing up the record; but also for the custody of the defendant pending the hearing of his allegations of error." A majority of the court had held that this power could be delegated by the court to one of its members, and Justice Brewer dissented, not on the ground that the court did not have such a power, but on the ground that it could not be delegated by it to a member thereof.

The evidence, however, does not present such a case as is contemplated by the statute in order that the appellant may be entitled to bail.  This evidence is principally that of several physicians, who seem to be of equal credibility and of equal professional skill.  While two of them have given it as their opinion that by further confinement ''applicant's health, will be most seriously impaired and his life imperiled,'' others are of opinion that no such result is likely to follow, and we think the evidence as a whole does not show that this will be the result of the short confinement in jail which he will now necessarily undergo before his appeal is determined, which will very probably be within three weeks from this date.

*Overruled.*