## MARLEY v. STATE.

[68 South. 75]

BAIL. *Criminal prosecution. Authority to admit to bail.*

A person convicted of felony can be admitted to bail pending an appeal to the supreme court only under the provisions of section 67 of the Code, by which power to do so is lodged in: First, the supreme court when in session; second, a judge of the supreme court during a vacation thereof; third, the judge who presided at the conviction; and fourth, the judge of the district in which the conviction was had and the judge of a judicial district to which one convicted in another judicial district was removed by order of the trial judge for safe keeping pending appeal, had no authority to admit him to bail.

ON SUGGESTION OF ERROR.

Where a judge not authorized by Code 1906, section 67, to admit to bail, one convicted of a felony pending an appeal to the supreme court, made an order admitting him to bail, the order was void on its face, and on motion of the attorney-general, the supreme court will enter an order directing the issuance of process for arrest of the prisoner pending the appeal.

APPEAL from the circuit court of Tallahatchie county. HON. W. A. ALCORN, Judge.

E. J. Marley was convicted of murder and appealed and the attorney-general filed a motion for an order directing the issuance of process for accused's arrest pending the appeal, on the ground that an order admitting him to bail was void. Motion sustained.

The facts are fully stated in the opinion of the court.

*Cutrer & Johnston, A. H. Stephen* and *Rowe Hays,* for appellant.

*Geo. H. Ethridge,* Assistant Attorney-General, for the state.

SMITH, C. J., delivered the opinion of the court.

Appellant was convicted of the crime of murder in the circuit court of Tallahatchie county, which county is situated in the Seventeenth judicial district, and appealed to this court. Afterwards, he was, by order of the judge of the Seventeenth judicial district, and who tried the cause in the court below, removed to the jail at Clarksdale, Coahoma county, for safe keeping. Coahoma county is in the Eleventh judicial district. On the 16th day of November, 1914, while still confined in the jail at Clarksdale, appellant was admitted to bail, pending his appeal to this court, by the judge of the Eleventh judicial district, for the reason, as appears from the recitals of the order admitting him to bail,

that further confinement would seriously impair his health. The bond required by this order was given, and appellant was released from custody and is now at large. This motion, filed by the attorney-general, after setting forth these facts, all of which are admitted to be true, prays for an order directing the issuance of process for appellant's arrest, on the ground that the order admitting him to bail is void.

A person convicted of felony can be admitted to bail pending an appeal to this court only under the provisions of section 67 of the Code, by which power so to do is lodged only in: First, the supreme court when in session; Second, a judge of the supreme court during a vacation thereof; third, the judge who presided at the conviction; and, fourth, the judge of the district in which the conviction was had. It follows, therefore, that the order admitting appellant to bail is void, for the reason that the judge who granted it was without power so to do.

The motion will be sustained, and an order entered directing the issuance by the clerk of the court below of process necessary for appellant's arrest.

### OPINION ON SUGGESTION OF ERROR.

Counsel for appellant very earnestly contend that the opinion rendered by us, when directing that appellant be taken into custody, "overturns all precedent, and in effect suspends or denies the operation of the writ of *habeas corpus;*" that we "confused, or failed to differentiate between, a motion for bail made under section 67, Mississippi Code of 1906, and the right to the writ of *habeas corpus* made under authority of chapter 62, Mississippi Code of 1906," and that, while only with the courts and judges mentioned in section 67 of the Code are empowered to admit to bail after conviction on a simple motion, all courts and judges may admit to bail upon a writ of *habeas corpus* who are empowered to

grant and hear such a writ. The right of a prisoner to bail after conviction is not regulated by our Constitution, and formerly was not regulated by any statute, but was governed by the rules and practice of the common law. *Davis* v. *State,* 6 How. 399; *Ex parte Dyson,* 26 Miss. 362; *Street* v. *State,* 43 Miss. 1. What this right was at common law we are not now called upon to determine, for the reason that it is no longer subject thereto, being fully regulated by section 67 of the Code of 1906, first enacted as section 2341 of the Code of 1880, and can be availed of only in the manner therein provided. This statute expressly declares that:

"A person convicted of felony shall not be entitled to be released from imprisonment pending an appeal to the supreme court, unless it be so ordered by the court in which the conviction was had, or by the supreme court, or by the judge who presided at the conviction, or the judge of the district in which such conviction was had, or a judge of the supreme court in a vacation of said court."

As this court is without power to enlarge a statute, it therefore must hold that appellant cannot be released from custody pending appeal, unless it be so ordered by one of the courts or judges empowered by this statute so to do.

It was proper for the judge below to issue and hear the writ, but when it was made to appear that appellant was confined under a judgment rendered upon a conviction of felony, he should have remanded him to the proper custody. While a person convicted of felony may be admitted to bail pending an appeal to this court upon a writ of *habeas corpus,* as was pointed out in *Ex parte Atkinson,* 101 Miss. 744, 58 So. 215, this can only be done, under section 67 of the Code, when the writ is heard by one of the courts or judges therein enumerated. It is contended by counsel for appellant, however, that since the judge below had the power to grant and hear

a writ of *habeas corpus* the order entered by him— "cannot be set aside, disregarded, and treated as a nullity, but is only subject to review upon a proper appeal."

The defect in this order is not such as can be availed of only upon appeal; for it appears on the face thereof that the judge below was without power to render it, and therefore that it is void. The order recites that appellant's imprisonment was upon a judgment of conviction of felony, from which an appeal was pending in this court.

*Overruled.*