CROSBY v. STATE.

[88 South. 3, No. 21935.]

BAIL. *If convicted person is ready to give bail on appeal, it is error to commit him to jail; violation of statute for protection of female children against insult bailable.*

Under the provisions of chapter 217, Laws of 1916 (Hemingway's Code, sections 44, 45), any person convicted of a felony other than treason, murder, rape, arson, burglary, and robbery are entitled to bail pending appeal; and it is the duty of the trial court, on application therefor, to immediately fix the amount of bail required; and, if the person convicted is then and there ready to give adequate bail, it is error to order such person committed to jail.

APPEAL from circuit court of Perry county.

HON. R. S. HALL, Judge.

G. L. Crosby was convicted of violating the statute protecting female children against insult. From refusal of application for bail after conviction pending appeal, defendant appeals. Bail allowed.

*A. T. L. Watkins* and *C. A. McSwain,* for petitioner.

125 Miss—28

ETHERIDGE, J., delivered the opinion of the court.

The appellant was indicted and convicted under chapter 215, Laws of 1920, entitled "An act for the better protection of female children of tender years against the insults of lustful male persons and prescribing penalties for violations of this act." The act prescribes punishment by fine of not less than ten dollars nor more than one thousand dollars, or to be imprisoned in the state penitentiary not less than one year nor more than ten years, or by both such fine and imprisonment at the discretion of the court.

When appellant was sentenced in the circuit court to the penitentiary for a term of three years he requested the court to fix the amount of bond required for bail pending appeal, stating that he was ready and able to give such bond as would be required, whereupon the court ordered him to be carried to the county jail, and declined then and there to fix the amount of bail pending apepal.

By the provisions of chapter 217, Laws of 1916 (Hemingway's Code, section 44, 45), any person convicted of a felony other than treason, murder, rape, arson, burglary, and robbery is entitled to be allowed bail pending appeal; all felonies other than those named being bailable after conviction under this act.

Since the enactment of this law a person convicted of a felony giving notice of appeal is entitled to be allowed bail pending the appeal, and it is the duty of the court, on application therefor, to immediately fix the amount of bail to be required. The prisoner in such case should be allowed to stand upon his appearance bond, or to have a new bond fixed immediately upon conviction, and the court should, in all cases when requested so to do, immediately fix the amount of bail in such case pending appeal proceedings.

This court decided in *Ex parte Atkinson*, 101 Miss. 745, 58 So. 215, that it has supervisory jurisdiction over the trial court under section 67, Code of 1906, and in the exercise of such supervisory jurisdiction could allow bail

in such cases.  This decision was rendered before the passage of the law of 1916, above cited, making felonies generally bailable after conviction, with the exception of cases named in the statute.

We think it was error for the circuit court to refuse to fix the bail immediately upon giving notice of the appeal, and that it had no right to remand the prisoner to jail if he was then and there ready to make a sufficient bond under chapter 217, Laws of 1916 (Hemingway's Code, section 44, 45).. The appellant will therefore be allowed bail in the sum of five thousand dollars, conditioned according to law, to be approved by the sheriff of the county

*So ordered.*