Ex Parte Charles Jay Willette.

Feb. 23, 1953

No. 38905 21 Adv. S. 20 63 So. 2d 52

*Melvin, Melvin & Melvin,* Laurel, for petitioner.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for State.

ETHRIDGE, J.

Petitioner, Charles Jay Willette, has filed in this court, under Code of 1942, Sec. 1180, a de novo petition for bail pending appeal from his conviction in December, 1952, of murder, in the Circuit Court of the First Judicial District of Jones County. Petitioner was sentenced to life imprisonment, and has perfected an appeal which

is now pending from that conviction to this Court. With the present docket this appeal on the merits will probably not be submitted until sometime in October, 1953, about eight months from the present time.

The petition avers that Willette is a man 74 years of age, and that his continued confinement in jail in his present physical condition will seriously affect his health and his life. It states that for some two or three years petitioner has suffered with a severe case of bronchial asthma and of cardiac asthma, and that during this time his constitution has become so deteriorated that it is necessary for him to have fresh air, to take exercise in the open, and that he has been under the constant care and attention of a physician. It is charged that while confined in jail, as he now is, fresh air and exercise are impossible, and that on many nights it is impossible for him to sleep, and it is necessary for him to sit up all night in order to keep breathing; that on several occasions since his confinement in the latter part of December, 1952, it has been necessary for him to be removed from the jail to a hospital for treatment, and that under all of these circumstances his confinement will greatly impair his health and endanger his life; that his body is rapidly deteriorating, and his doctors are fearful for his life if he remains in jail. Attached to this petition are the affidavits of five medical doctors, the sheriff of Jones County, and of the jailer and his wife.

A similar petition for bail was presented to the Circuit Court of Jones County, which, after considering the affidavits and testimony offered by the State, denied it on February 10. The present petition to this Court is a de novo petition, not an appeal from the circuit court. It is authorized by Code of 1942, Sec. 1180:

"A person convicted of treason, murder, rape, arson, burglary or robbery shall not be entitled to be released from imprisonment pending an appeal to the Supreme Court, unless it be so ordered by the court in which conviction is had, or by Supreme Court, or by the judge who

presided at the conviction, or the judge of the district in which conviction was had, or a judge of the Supreme Court in vacation of said court; and the making of such order shall be a matter of discretion with either the court or judge to be exercised with the greatest caution, and only when the peculiar circumstances of the case render it proper. A person convicted of any felony other than those enumerated in the foregoing paragraph shall be entitled to be released from imprisonment on bail pending an appeal to the Supreme Court.''

 This statute in a case of this kind was interpreted in some detail in Ex Parte Atkinson, 101 Miss. 744, 58 So. 215 (1911). It was there held that a petition for bail to the Supreme Court, filed under what is now Section 1180, was a de novo proceeding in this Court in the exercise of its revisory powers; that, accordingly, an application for bail must first be presented to the trial judge before presentation to the Supreme Court; that the Supreme Court exercises its powers on the merits of the petition presented to it, independently of the action of the trial court, and that it may act upon the same or additional evidence. To the same effect is Ex Parte Prewitt, 106 Miss. 62, 63 So. 225 (1913). Compare Marley v. State, 109 Miss. 169, 68 So. 75 (1915); Crosby v. State, 125 Miss. 433, 88 So. 3 (1921); Ex Parte Wheeler, 24 So. 261 (Miss. 1898). Petitioner meets these procedural prerequisites. He has previously filed a petition for bail pending appeal with the circuit court, which was denied, and he now presents in this Court a de novo petition with affidavits to support it.

A summary of the affidavits and evidence before this Court is as follows:

Dr. Risher is the doctor for the Jones County jail, and has attended Willette several times since January 5, 1953. At each time he found him in a critical condition, so much so that it was necessary to send him to the hospital for treatment. He said that Willette is suffering from cardiac asthma and bronchial asthma, and has suf-

fered from these diseases for a number of years; that he needs exercise, proper diet, and plenty of fresh air, and that if he does not get these, it will greatly imperil and jeopardize his health and life; that he is an old man 74 years of age, and that his health is rapidly deteriorating and will continue to do so if confined in jail, "and will result in death." Dr. Culpepper has had Willette as a patient for several years, treating him for severe attacks of bronchial asthma. He agrees with the conclusions of Dr. Risher. Dr. Hinman has also had petitioner as a patient for several years, treating him for bronchial and cardiac asthma. Dr. Bethea has also had petitioner as a patient for two years, treating him for the same troubles. Dr. Foster is a physician at the South Mississippi Hospital in Laurel, and for the past few weeks has had petitioner under his treatment. Their conclusions as to the danger of continued confinement to Willette's health and life were substantially the same as those outlined above. The sheriff of Jones County, and the jailer and his wife, who live in the jail building, also made affidavits that since petitioner's confinement in jail his general physical condition and health have deteriorated rapidly and considerably, and that in their opinions if he continues to be confined in jail, his health will continue to deteriorate rapidly.

The State, as part of its brief, attaches a sworn transcript of the testimony presented by the State to the circuit judge on the hearing upon a similar, independent petition to him. Dr. Boone had not seen or examined petitioner at all, but he testified as to the nature of bronchial asthma and of cardiac asthma, the latter being a heart disease which simulates asthma, and said that confinement of a man with that trouble in the jury room, where petitioner in confined, would not in his opinion be dangerous to a man's health. He conceded that confinement in the jail upstairs would be detrimental under the circumstances there existing. Dr. Beech, about six weeks prior to February 10, had been

telephoned about an asthmatic attack from which peti-
tioner was suffering, and he sent petitioner some medi-
cine to alleviate it. He saw Willette several hours later,
after the medicine had taken effect, but made no exam-
ination of him at all. At that time he was feeling com-
fortable. He did not think that confinement would af-
fect his life, but conceded that it would be detrimental
to his health. Dr. McRae had examined petitioner on
February 10. He did not observe any indication of car-
diac asthma, but did say that he had an enlargement
of his heart. In his opinion petitioner had bronchial
asthma. He thought that it would not be dangerous to
petitioner's life if he were confined in the jury room,
but said that it would be harmful to place him in the
regular jail under conditions there existing. He stated
that Willette had a very severe case of asthma, and that
such attacks occurred suddenly and more often at night.
A deputy sheriff testified that petitioner was confined
in the jury room, but said that he would have to be re-
moved to the regular jail when court was in session. The
jailer testified about taking petitioner to the hospital
on several occasions, and stated that he ate with the
witness and his wife. He thought that it would be dan-
gerous to keep petitioner in jail in his condition.

It is first said by petitioner that he is entitled to bail
as a matter of right, under the provisions of Mississippi
Constitution of 1890, Sec. 29: ''Excessive bail shall not
be required, and all persons shall, before conviction, be .
bailable by sufficient sureties, except for capital offenses
when the proof is evident or presumption great.'' How-
ever, the right to bail as defined in Section 29 is con-
fined to the period prior to conviction. ▮▮▮ The right
to bail after conviction is not within that section. Marley
v. State, 109 Miss. 169, 68 So. 75 (1915); Ex Parte Dyson,
25 Miss. 356 (1852); Hill v. State, 64 Miss. 431, 1 So.
494 (1886); State v. Key, 93 Miss. 115, 46 So. 75 (1908).
After conviction, the right to bail vel non is determined
by Code Section 1180.

██ The test of whether bail should be allowed under the present circumstances after conviction is to be determined by whether the testimony shows that it is probable that confinement has produced, or is likely to produce, fatal or serious results. There must be strong grounds for apprehending a fatal result or the permanent, substantial impairment of health. Ex Parte Atkinson, supra; Ex Parte Pattison, 56 Miss. 161 (1878); Ex Parte Wheeler, 24 So. 261 (Miss. 1898); Ex Parte Prewitt, 106 Miss. 62, 63 So. 225 (1913). Compare Hill v. State, 64 Miss. 431, 1 So. 494 (1886); Winegarden v. State, 87 Miss. 264, 39 So. 1013 (1906). ██ Moreover, Section 1180 requires that the court should exercise this power "with the greatest caution and only when the peculiar circumstances of the case render it proper." We think that this measure of proof is met here by the great weight of the evidence. As was said in the *Atkinson* case, "The very object of conferring this power on the courts and judges is for the purpose of having a humane execution of the law; and to prevent cruelties and hardships."

Five physicians who have examined and treated petitioner, either just recently or for the past two years, have stated that he is in a critical condition with acute and severe asthma. Three of them state that it is both bronchial and cardiac asthma. All of them say that confinement pending this appeal will aggravate this trouble substantially and will dangerously impair both his health and his life. Willette is an elderly man, 74 years old. These doctors further state that he should have plenty of fresh air, proper diet, a moderate amount of exercise, and that his health is deteriorating and will continue to do so by confinement in jail. The Sheriff of Jones County, who has petitioner in his custody, confirms the conclusions of these doctors, as do the jailer and his wife, who see petitioner every day. They particularly state that his health has rapidly deteriorated since his confinement.

The State's evidence does not contradict those conclusions in any material respect. Dr. Boone had never seen or examined petitioner. Dr. Beech had sent a prescription to petitioner, had seen him only once, and had not examined him at all. The only time Beech had seen him was about six weeks before February 10, so he had no knowledge as to whether petitioner's health has rapidly continued to deteriorate since that time, which was shortly after his confinement, as was testified to by petitioner's witnesses. Dr. McRae examined petitioner on the day of the hearing in the circuit court, February 10. He frankly stated that he found that Willette had a severe case of asthma with enlargement of his heart. He stated that Willette's confinement would not produce death ''if he has proper medical care;'' that it would be harmful to place him in the jail upstairs with the other men; that these attacks come on suddenly and more often at night; that he is in a bad condition, and it is possible that an attack while locked up in the jury room could cause his death. Hence the State's own evidence tends substantially to support petitioner's position.

Code Section 1180 was enacted for the purpose of facilitating the humane execution of the laws, and to prevent cruelties and hardships. ▮▮ Under this record the great weight of the evidence supports the conclusion that continued confinement pending this appeal will produce, or is likely to produce, fatal or serious results to Willette and in fact that it is now producing such results. Accordingly, we think that petitioner is entitled to release, pending his appeal on the merits of his conviction, with a proper bail, appearance bond, in the amount of $10,000.00, and with the sureties to be approved by the Sheriff of Jones County. The motion of the State to strike the petition is overruled.

Petition for bail pending appeal from conviction granted, and bond fixed at $10,000.00, to be approved

by Sheriff of Jones County; motion of State to strike petition overruled.

*McGehee, C. J., Roberds, Arrington,* and *Lotterhos, JJ.,* concur.