Foster SELLERS, Appellant,

v.

STATE OF GEORGIA, Appellee.

No. 24033.

United States Court of Appeals
Fifth Circuit.

March 6, 1967.

Before RIVES and WISDOM, Circuit Judges, and CONNALLY, District Judge.

PER CURIAM:

Appellant was convicted of violating Georgia's burglary statute, Ga.Code Ann. § 26–2401. Pending appeal, he made a motion for appeal bond, which was denied by the trial judge and further denied by the Georgia Court of Appeals and the Supreme Court of Georgia.[1] Appellant then filed a petition for habeas corpus in the United States District Court for the Northern District of Georgia, alleging that the denial of an appeal bond violates the Thirteenth and Fourteenth Amendments to the United States Constitution and Georgia's Appellate Practice Act of 1965. Ga.L.1965, p. 18; Ga.Code Ann. § 6–1001.

The district court denied the requested relief, noting that

> "The grant or refusal of bail to the accused, after conviction and after filing of a motion for a new trial, which was pending, was a matter within the discretion of the judge of the trial court; and his refusal of bail was not an abuse of discretion. Vanderford v. Brand, 126 Ga. 67 [54 S.E. 822]; Ingram v. Grimes, Sheriff, 213 Ga. 652 [100 S.E.2d 914]."

Considering the appellant's petition to the Chief Judge of this Court for writ of habeas corpus as an appeal, we affirm the district court's denial.

 This Court will not interfere with a state statute providing for bail, when the legislation does not violate fundamental constitutional principles. There being no absolute right to bail pending appeal,[2] we must accept Georgia's legislative determination that a defendant may be given an appeal bond "if the sentence is bailable." Ga.Code Ann. § 6–1001. In construing this pertinent clause, the Georgia Court of Appeals in appellant's own case held that the trial

Foster Sellers, pro se.

Mathew Robins, Asst. Atty. Gen., Arthur K. Bolton, Atty. Gen., G. Ernest Tidwell, Executive Asst. Atty. Gen., Atlanta, Ga., for appellee.

---

1. Sellers v. Georgia, 112 Ga.App. 607, 145 S.E.2d 827; see Sellars v. Georgia, 113 Ga.App. 510, 149 S.E.2d 158.

2. Cf. Rule 46(a) (2), Fed.R.Crim.P.; 18 U.S.C. §§ 3146 and 3148.

judge may use his discretion in determining if bail should be granted. Sellers v. Georgia, 112 Ga.App. 607, 145 S.E.2d 827. We find no constitutional impediment prohibiting such a finding.

Appellant also contends that the state trial judge discriminatorily denied him bail. He asserts that since other convicted persons "under the same circumstances" were granted appeal bond, he was denied "equal protection of the laws."

■ The opinion in Sellers v. Georgia, supra, indicates that such an allegation was not, but could have been, presented to the Georgia appellate courts. Ever mindful of the dictates of 28 U.S.C. § 2254, we decline to pass on appellant's second contention as long as it appears that an adequate state remedy may be available.

The district court's denial of the petition for writ of habeas corpus is

Affirmed.