**Mary Joy KING, Petitioner,**

v.

**F. D. EAST, Respondent.**

**No. WC 77-100-S.**

United States District Court,
N. D. Mississippi, W. D.

Nov. 22, 1977.

Charles L. Sullivan, Ralph E. Chapman, Sullivan, Smith, Hunt & Vickery, Clarksdale, Miss., for petitioner.

V. Glenn Alderson, County Atty., Oxford, Miss., Ken Coleman, Dist. Atty., Okolona, Miss., for respondent.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

Mary Joy King was convicted of the murder of her husband in the Circuit Court of Clay County, Mississippi, and has been sentenced to life imprisonment for the commission of the crime.

An appeal has been perfected by Mrs. King and is presently pending in the Supreme Court of Mississippi.

Mrs. King's application for bail pending appeal has been refused by the trial and Supreme Courts. The Mississippi statute governing the matter of bail after conviction is Miss.Code Ann. § 99–35–115 (1972). This statute provides in pertinent part that "[a] person convicted of . . . murder . . . shall not be entitled to be released from imprisonment pending an appeal to the supreme court, unless it be so ordered by the court in which conviction is had, or by the supreme court . . . and the making of such order shall be a matter of discretion with either the court or judge to be exercised with the greatest caution, and only when peculiar circumstances of the case render it proper."

Having been denied bail on appeal by the Trial and Supreme Courts, Mrs. King filed in this court a petition for a writ of habeas corpus requesting admission to bail pending an appeal of her state court conviction.

The petition was referred to a full-time magistrate of the court, who, after considering the same, recommended that the petition be dismissed with prejudice. Mrs. King has filed objections, and the matter is before the court for final determination.

While Mrs. King makes two contentions to support her request for bail, the main and primary contention is that her constitutional rights were violated by the trial court where information concerning immunity granted an important state witness, who is said to have participated in the murder, was concealed and withheld from her attorneys.

The court will not comment upon this feature of the case, except to say that Mrs. King will be afforded a hearing in the Mississippi Supreme Court, on the appeal of the case, and, in this connection the court notes that State Judges are under the same duty to uphold the Constitution of the United States and protect the constitutional rights of citizens of the United States as are Judges of the United States Courts. Article VI of the Constitution of the United States provides in pertinent part

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

The court has reviewed the Report and Recommendation of the Magistrate, the memoranda of the parties submitted upon the objections of Mrs. King, and pertinent parts of the transcript of the proceedings in the State Court, specifically the court has studied the transcript of the testimony of the alleged participants in the murder of Mr. King.

 The clear rule applicable to this case is that there is no absolute right, protected by the Constitution of the United States, to bail pending on appeal from a felony conviction, and that a federal court will not interfere with the enforcement of a state statute relative to bail where the legislation does not violate fundamental constitutional principles. *Sellers v. State of Georgia,* 374 F.2d 84, 85 (5th Cir. 1967); *United States ex rel. Fink v. Heyd,* 408 F.2d 7 (5th Cir. 1969); *Hooks v. Florida,* 442 F.2d 1042 (5th Cir. 1971); *Ballard v. Texas,* 438 F.2d 640 (5th Cir. 1971). It is well settled that a federal court will not intervene in a

criminal proceeding in a state court except under exceptional circumstances, and then, only, where there is a showing of irreparable injury. *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). In *Younger,* the Supreme Court said that the irreparable injury must be both great and immediate, and also "[c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term." 401 U.S. at 46, 91 S.Ct. at 751, 27 L.Ed.2d at 676–7.

█ The court has concluded that Mrs. King will be afforded due process through the avenue of appeal to the Supreme Court of Mississippi and by seeking relief in the Supreme Court of the United States, should she not obtain relief in the Mississippi Supreme Court.

As for the effect of confinement pending appeal on Mrs. King's health, the Magistrate's report deals correctly with this subject.

The objections by Mrs. King to the Magistrate's Report and Recommendation is not well taken and will be overruled.

A copy of the Report and Recommendation of the Magistrate is attached as an appendix and made a part of this memorandum.

### APPENDIX

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MARY JOY KING,
 Petitioner

v.
 NO. WC 77–100–S

F. D. EAST,
 Respondent

### REPORT AND RECOMMENDATION

After trial by jury in the Circuit Court of Clay County, Mississippi, petitioner Mary Joy King, on May 27, 1977, was found guilty of the murder of her husband, for which she was sentenced to life imprisonment. Petitioner's appeal of this conviction presently is pending before the Mississippi Supreme Court.

Subsequent to her conviction, petitioner on three occasions made oral motion to the trial court for admission to bail pending appeal. These motions were denied by the trial court, and thereafter, on July 28, 1977, petitioner filed a motion in the Supreme Court of Mississippi seeking admission to bail pending her appeal. On August 5, 1977, Presiding Justice Inzer of the Mississippi Supreme Court denied petitioner's motion, but without prejudice to refile the motion after the trial court was given an initial opportunity to rule on the motion after consideration of evidence which plaintiff wished to introduce in support of the motion. That same day petitioner filed a written motion in the trial court seeking admission to bail pending appeal. After evidentiary hearing, the trial court on August 15, 1977, again denied petitioner's motion. On August 31, 1977, petitioner refiled in the Mississippi Supreme Court her motion for admission to bail pending appeal. With the record of the August 15 evidentiary hearing in the trial court and the trial court's order of that date denying petitioner bail before them, the Mississippi Supreme Court, sitting *en banc,* denied petitioner's renewed motion on September 21, 1977.

On September 28, 1977, Mrs. King filed the instant petition for a writ of habeas corpus requiring her admission to bail pending appeal of her state court conviction. She contends that in light of the state of her health, and allegedly flagrant error committed by the state court in her murder trial, the refusal of the Mississippi Supreme Court to admit her to bail pending disposition of her state court appeal denied her due process of law.

At the outset, respondent contends that the petition should be dismissed as petitioner has not exhausted her state court remedies, viz., petitioner has not presented the alleged trial court error to the Mississippi Supreme Court by way of motion for bail pending appeal; that petitioner has not filed a motion in the state Supreme Court

for advancement of her appeal on the merits of her state court conviction; and that petitioner has not filed a petition for a writ of error coram nobis in the Mississippi Supreme Court. Respondent's contentions, in my opinion, are not well taken. On a motion for admission to bail pending appeal, the Mississippi Supreme Court does not give any consideration to alleged errors committed by the trial court. *E. g., Ex Parte Atkinson,* 101 Miss. 744, 58 So. 215, 217 (1912). A motion to advance Mrs. King's appeal on the merits, and a petition for a writ of error coram nobis are not "available state corrective process", 28 U.S.C. § 2254(b), for the relief which petitioner seeks. A motion to advance begs the question presented here. Petitioner does not complain of the timing of the state appellate process; she contends that she is entitled under the United States Constitution to admission to bail pending disposition of her appeal, regardless of when that event might take place. Furthermore, although disposition of petitioner's appeal on the merits obviously would moot her claim that she is held in custody in violation of the United States Constitution, there is no reason to apprehend that if a motion to advance were filed in the Supreme Court, it would be granted. Respondent's contention regarding a petition for coram nobis clearly is without merit, as the procedure has nothing to do with bail, nor is it even available while a case is on appeal to the state Supreme Court. *In Re Broom's Petition,* 251 Miss. 25, 168 So.2d 44, 48 (1964). In sum, petitioner has exhausted her available state court remedies.

It is well settled that there is no absolute constitutional right to bail pending an appeal of a state court conviction. *E. g., Hooks v. 4th District Court of Appeal,* 442 F.2d 1042 (5th Cir. 1971); *Ballard v. Texas,* 438 F.2d 640 (5th Cir. 1971). Thus, the subject is one generally governed by state statute, and federal courts therefore "will not interfere with a state statute providing for bail, when the legislation does not violate fundamental constitutional principles." *Sellers v. Georgia,* 374 F.2d 84, 85 (5th Cir. 1967). The applicable Mississippi statute provides:

A person convicted of . . . murder . . . shall not be entitled to be released from imprisonment pending an appeal to the Supreme Court, unless it be so ordered by the court in which conviction is had, or by the Supreme Court . . . and the making of such order shall be a matter of discretion with . . . the court . . . to be exercised with the greatest caution and only when the peculiar circumstances of the case render it proper. A person convicted of any felony other than those enumerated in the foregoing paragraph shall be entitled to be released from imprisonment on bail pending an appeal to the Supreme Court. Miss.Code Annotated, § 99–35–115 (1972).

A state statute providing for bond pending appeal as a matter of discretion, such as Section 99–35–115, is not inherently unconstitutional. *Sellers v. Georgia, supra.*

As noted earlier, the Mississippi Supreme Court consistently has construed Section 99–35–115 and its predecessors as not providing for consideration of alleged errors occurring at trial in determining whether bail pending appeal should be granted. *E. g., Ex Parte Atkinson, supra.* There is no constitutional requirement that consideration of alleged trial errors must be taken into account by a state court in deciding whether bail pending appeal should be granted. Indeed,

a determination by [a] state legislature that any defendant who [has] been sentenced to five years' imprisonment or more is such a poor bail risk that he should be prohibited from making an appeal bond is not so arbitrary and unreasonable as to contravene the Fourteenth Amendment.

*United States ex rel. Fink v. Heyd,* 408 F.2d 7 (5th Cir. 1969). In other words, since a state is not required by the Constitution to provide bail pending appeal at all, there is no constitutional requirement that a state which provides for bail pending appeal in the discretion of the state court must include the substantiality of a defendant's appeal as a factor to be considered by the

state court in deciding whether to grant that defendant bail pending appeal.

Since petitioner has no constitutional right to have the substantiality of her appeal considered by the state court in making its discretionary decision on her application for bail, the failure of the state court to take this factor into account in its denial of petitioner's motion for bail cannot serve as the basis for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Thus, the question presented by the petition sub judice is whether the state courts' denial of petitioner's motion for bail, in light of the factors relevant under Mississippi law to that determination, was such an abuse of discretion, or so arbitrary, as to violate the due process clause. See Sellers v. Georgia, supra; Grech v. Purdy, 426 F.2d 304 (5th Cir. 1970).

Where discretionary bail pending appeal is sought on the basis of the condition of an appellant's health,[1] the Mississippi Supreme Court has construed § 99–35–115 and its predecessors as follows:

> The test of whether bail should be allowed . . . after conviction is to be determined by whether the testimony shows that it is probable that confinement has produced, or is likely to produce, fatal or serious results. There must be strong grounds for apprehending a fatal result or the permanent, substantial impairment of health.

Ex Parte Willette, 219 Miss. 785, 63 So.2d 52, 54 (1953). All reported Mississippi cases addressing the question of when bail pending appeal should be granted because of the condition of an appellant's health have been concerned with questions of the physical health of the persons seeking bail. See Ex Parte Willette, supra, and cases collected therein. While petitioner does have some physical complaints,[2] her principal health problems are mental. Presumably, the test for allowance of bail set forth in Ex Parte Willette, supra, is equally applicable to requests for bail based on mental health problems and those based on physical considerations.

At the August 15, 1977, trial court hearing on petitioner's motion for bail pending appeal, petitioner offered the testimony of a clinical psychologist and a psychiatrist in support of her motion. The psychologist testified that based upon a battery of tests which he administered to Mrs. King, he felt that she was a "borderline psychotic, she seems to be suffering from a depressive reaction of psychotic proportions. She also seemed to be showing signs of developing a rather severe anxiety neurosis." Based on this diagnosis, and his perception of petitioner as a "potential suicide risk", the psychologist testified that in his opinion continued confinement of petitioner without adequate psychiatric treatment would have "devastating affects" on her mental health. The psychologist, however, added that it was his opinion that petitioner "needs psychiatric treatment right now, she needs inpatient treatment, and to me, it's sort of almost a moot point as to whether or not the jail is going to help or hurt, because she is in desparate need, I think right now, of

---

1. To bolster her claim to entitlement to bail, petitioner argues that her three children (one son 17 years of age, and two daughters, 16 and 12 years of age) need her affection and guidance, and that she is a good bail risk in that she voluntarily returned to Mississippi from California to stand trial. Under the law of Mississippi, petitioner's family situation does not provide a sufficient basis for allowance of bail. Winegarden v. State, 87 Miss. 264, 39 So. 1013 (1906). While petitioner maintains that she returned "voluntarily" from California to stand trial, she admits that she returned only after the Governor of California had issued a warrant for her extradition. Furthermore, at that time Mrs. King was merely charged with murder, while, of course, she now stands convicted and sentenced to life imprisonment.

2. At the trial court hearing on petitioner's motion for bail pending appeal, a general practitioner who treated plaintiff both before and after her incarceration, and an internist who treated her after her incarceration, testified that she had no serious physical health problems, and that her continued confinement in the Lafayette County Jail would not cause her any permanent physical disability. In addition, petitioner testified that jail personnel always provided her medical treatment upon request, including several trips to the Lafayette County Hospital.

458

inpatient treatment at a psychiatric institution. If she was to remain in jail, I would say certainly it would have adverse affects, because she is not getting the treatment I feel that she needs." The psychologist further testified that some elements of the treatment which he felt petitioner needed could be carried out in the Lafayette County Jail, but that the full-scale treatment could not.

Based upon his interview with Mrs. King, the psychiatrist testified that in his opinion Mrs. King was suffering from "psychotic depression." He disagreed with the psychologist's diagnosis of "anxiety neurosis", testifying that he interpreted this "as more of a form of agitated depression." The psychiatrist, however, in general agreed with the psychologist as to petitioner's need for inpatient psychiatric treatment.

After hearing the above evidence, the trial court denied petitioner's motion. In light of the "possible deterioration of the Movant and Defendant's mental health", however, the trial court in its order overruling petitioner's motion ordered the Director of the Mississippi State Hospital at Whitfield, Mississippi, "to admit Mary Joy King as a patient in said hospital without delay and to provide such continuous or intermittent care and treatment as may be necessary and proper for said Mary Joy King", and ordered the Director of the Region II Mental Health Center in Lafayette County, Mississippi to "provide Mary Joy King with such necessary and proper psychiatric or psychological treatment as may be deemed necessary and proper while said Defendant is confined in the Lafayette County Jail in Oxford, Mississippi."

In sum, the trial court made provision for the treatment suggested by petitioner's own psychologist and psychiatrist. From the record before the trial court which, of course, was the record before the Mississippi Supreme Court on its denial of petitioner's motion for release on bail pending appeal, it rather clearly appears that what petitioner needed to preserve her mental health was not so much release from custody as proper treatment. The trial court's

provisions for treatment of petitioner, in my opinion, are sufficient to remove any question of unconstitutional arbitrariness in the application of the laws of Mississippi by the state courts in their denial of petitioner's request for bail pending appeal. It is accordingly recommended that the petition of Mary Joy King for a writ of habeas corpus be dismissed with prejudice.

Respectfully submitted, this 22nd day of November, 1977.