905 So.2d 644 (2004)
Jessie Frank JONES, Appellant/Cross-Appellee,
v.
STATE of Mississippi, Appellee/Cross-Appellant.
No. 2003-KA-00083-COA.
Court of Appeals of Mississippi.
May 25, 2004.
Rehearing Denied October 5, 2004.
*645 Tommy Wayne Defer, David L. Walker, Batesville, attorneys for appellant.
Office of the Attorney General by Charles W. Maris, attorney for appellee.
EN BANC.
GRIFFIS, J., for the Court.
¶ 1. Jesse Frank Jones was convicted of attempted burglary of a dwelling and sentenced to serve twenty-five years as a habitual offender. He appeals this conviction and asserts the following issues as error: (1) whether the trial court erred in admitting testimony regarding his past felony convictions; (2) whether the trial court erred in its rulings on the sufficiency and weight of the evidence; and (3) whether the trial court erred in overruling his Batson challenges to the State's use of its peremptory strikes. The State, in its cross-appeal, asserts that the trial court erred in sustaining Jones' motion for bail pending appeal.
¶ 2. On direct appeal, we find that the court erred in admitting testimony regarding Jones' past felony convictions, and we reverse and remand for a new trial. On the State's cross-appeal, we find that the court erred in sustaining Jones' motion for bail pending appeal, and we reverse and render denying Jones bail pending appeal.

FACTS
¶ 3. On November 28, 2001, Jessie Frank Jones approached the home of Kevin Voyles and knocked on the door. Voyles testified that it was his belief that Jones was attempting to break into his house. Jones admitted he may have knocked too hard, but denied kicking, or in any other way, attempting to force entry. Voyles, on the other hand, testified that Jones banged and kicked on his door to the point that it scared him. Voyles called 911 and then retrieved a gun. Voyles also testified that he peered through the window and saw Jones with a knife in his hand.
¶ 4. The investigating officer testified that the door had dents and scratches on it, particularly around the peephole. Items were knocked off the interior wall of the house and were found laying on the floor near the door. The peephole of the door was also found lying on the floor inside the house.
¶ 5. When first questioned, Jones claimed that he knew nothing about the incident. Later, Jones admitted that he was at the residence, but said he was there in an attempt to retrieve water for his *646 over-heated car. While there was evidence to support Jones' claim that he had radiator problems around the time of the incident, there was no corroborating evidence that supported Jones' claim that he had radiator problems on the specific day of the incident.
¶ 6. Jones was convicted of attempted burglary of a dwelling.

ANALYSIS

I. Whether the trial court erred in admitting testimony regarding Jones' past felony convictions
¶ 7. Prior to trial, Jones filed a motion in limine to prevent the State from eliciting testimony regarding his past felony convictions for burglary, attempted burglary, and grand larceny connected with burglary. Relying on Mississippi Rule of Evidence 404(b), the circuit judge admitted testimony regarding the prior convictions to show intent. The trial court noted that evidence of the prior convictions was more probative than prejudicial and held that the evidence passed the Rule 403 balancing test.
¶ 8. Evidentiary issues are decided under an abuse of discretion standard. Lindsey v. State, 754 So.2d 506, 511(¶ 23) (Miss.1999). A case may be reversed based on the admission of evidence only if the admission results in prejudice and harm or the admission affects a substantial right of a party. Smith v. State, 839 So.2d 489, 495(¶ 8) (Miss.2003).
¶ 9. Character evidence is not admissible to prove that one acted in conformity therewith. M.R.E. 404(a). Evidence of another crime or prior bad act is not usually admissible. Ballenger v. State, 667 So.2d 1242, 1256 (Miss.1995). However, according to Rule 404(b), evidence of other crimes or bad acts may be admissible to prove identity, knowledge, intent, motive or to prove scienter. Simmons v. State, 813 So.2d 710, 716 (¶ 30) (Miss.2002); Wheeler v. State, 536 So.2d 1347, 1352 (Miss.1988); Robinson v. State, 497 So.2d 440, 442 (Miss.1986); Carter v. State, 450 So.2d 67 (Miss.1984).
¶ 10. Upon finding that the evidence is admissible under M.R.E. 404(b), the court must still consider whether the evidence passes the Mississippi Rule of Evidence 403 filter. Simmons, 813 So.2d at 716 (¶ 33) (Miss.2002); Stallworth v. State, 797 So.2d 905, 910 (Miss.2001); Ballenger, 667 So.2d at 1257 (Miss.1995). Mississippi Rule of Evidence 403 provides that otherwise admissible evidence may be excluded where the risk of undue prejudice substantially outweighs the probative value of the evidence.
¶ 11. Here, the State did not offer evidence of Jones' prior convictions of burglary and burglary related crimes to show Jones' character. Instead, the State claimed that this evidence was presented to show Jones' intent to commit the crime of burglary.
¶ 12. The trial court relied on Leedom v. State, 796 So.2d 1010 (Miss.2001), to rule that the evidence of Jones' prior convictions was admissible. Leedom was convicted of conspiracy to commit murder and capital murder of Lula Young. Trial testimony revealed that Leedom paid her co-conspirator $5,000 to kill Young and that she had taken out three life insurance policies on Young, with either her or her husband named as the beneficiary. The trial court also allowed evidence that Leedom had taken out life insurance policies on Robert Stovall and that she offered her co-conspirator $10,000 to kill Stovall. On appeal, Leedom challenged the trial court's admission of evidence of the second conspiracy. Id. at 1014 (¶ 14).
*647 ¶ 13. The supreme court ruled that the evidence regarding the second conspiracy was admissible other crimes evidence. Id. at 1016 (¶ 19). The court held, "[a]s there exists an inherent danger of prejudicial effect in the use of other acts evidence, the 404(b) exception for which the crime is introduced must be a material issue in the case. Moreover, its probative value must not be substantially outweighed by the prejudicial effect, Miss. R. Evid. 403." Leedom, 796 So.2d at 1015 (¶ 15).
¶ 14. The co-conspirator testified that Leedom offered him money to kill Stovall, just as she had offered him money to kill Young. Id. 1014 (¶ 12). Insurance agents testified that Leedom took out life insurance policies on Stovall and claimed to be related to him, just as she had for Young. Id. at 1016 (¶ 18). Leedom also listed her address as both Stovall's and Young's places of residence on the policies. Id. The court concluded that the evidence regarding the Stovall plan was admissible under Mississippi Rule of Evidence 404(b) and that the trial court did not err in finding that the probative value was not substantially outweighed the unfair prejudice. Id.
¶ 15. Jones admitted that he knocked on the door and testified that he may have knocked too hard. However, Jones denied intending to break in and steal. He claimed that he knocked on the door to ask for some water for his overheated car. Therefore, Jones' intent was squarely in issue and indeed was a material issue, meeting the requirement that "the 404(b) exception for which the crime is introduced must be a material issue in the case." Id. at 1015 (¶ 15).
¶ 16. However, the facts in this case are distinguishable from the facts in Leedom and require a different outcome in relation to the M.R.E. 403 decision. The prosecution presented no underlying facts about Jones' prior convictions. Instead, the prosecution called the circuit clerk to testify that Jones had several prior convictions. The prosecution handed the clerk documents reflecting guilty pleas and judgments from the previous convictions and asked the clerk what Jones was convicted of in each count. The clerk merely read the convictions of each case. The clerk provided no information other than the documents which indicated Jones was a prior convicted felon.
¶ 17. In Leedom, specific evidence of the second conspiracy was presented. Leedom, 796 So.2d at 1013-14 (¶¶ 9-13). This evidence strongly suggested that Leedom had essentially the same plan and preparation to kill Stovall. Id. at 1015 (¶ 16). Leedom's co-conspirator and insurance agents testified regarding the similarities of the two conspiracies. Id. at 1014 and 1016 (¶¶ 12 and 18).
¶ 18. Although evidence of Jones' other convictions of burglary and burglary-related crimes can be admissible to show his intent, simply allowing the circuit clerk to read the convictions was improper. Evidence of similar facts or plans in the previous convictions that suggested Jones' had a similar intent on this occasion may pass the Rule 403 balancing test. However, simply allowing testimony that Jones' committed similar crimes in the past and may have a propensity to commit similar crimes is an abuse of discretion. The policy behind these rules, and the danger the rules seek to prevent, is that the jury may rely on this evidence to determine that the defendant should be convicted because he/she has a character trait or propensity to commit burglary.
¶ 19. As it was presented, the probative value of evidence relating to Jones' prior convictions was substantially outweighed by the danger of unfair prejudice. The trial court's decision to allow the evidence *648 of the prior convictions, through the testimony of the clerk, was an abuse of discretion and resulted in obvious prejudice to Jones. We reverse and remand for a new trial with proceedings consistent with this ruling.

II. Whether the trial court erred in its rulings on the sufficiency and weight of the evidence.

III. Whether the trial court erred in overruling Jones' Batson challenges to the State's use of its peremptory strikes.
¶ 20. Given our holding to reverse and remand for a new trial on other grounds, these issues are moot.

IV. Whether the trial court erred in sustaining Jones' motion for bail pending appeal
¶ 21. On cross-appeal, the State argues that the trial court erred in sustaining the Appellant's motion for bail pending appeal. This court's review of a trial court's ruling on bail is limited to a review for abuse of discretion. Veal v. State, 585 So.2d 693, 697 (Miss.1991). As long as the trial court applies the correct legal standard and the record reflects substantial evidence consistent with the trial court's finding, the decision will be upheld. Id.
¶ 22. Mississippi Code Annotated Section 99-35-115(2)(a) (Rev.2000) provides:
[a] person convicted of any felony ... shall be entitled to be released from imprisonment on bail pending an appeal to the Supreme Court, within the discretion of a judicial officer, if the convict shows by clear and convincing evidence that release of the convict would not constitute a special danger to any other person or to the community, and that a condition or a combination of conditions may be placed on release that will reasonably assure the appearance of the convict as required, and only when the peculiar circumstances of the case render it proper.
¶ 23. This statute establishes three requirements for a person convicted of a felony to be released on bail pending an appeal. First, one must show by clear and convincing evidence that the release would not constitute a special danger to any other person. Second, there must exist a condition or combination of conditions that may be placed on the release that will reasonably assure the appearance. Third, peculiar circumstances of the case must render the release on bail proper.
¶ 24. In reaching its decision to grant Jones bond pending appeal, the trial court did not address the statutory requirements. Instead, the trial court merely relied on its concern over its prior Rule 404(b) ruling and the possibility of the decision being overruled as a basis for allowing bond.
¶ 25. Although the possibility of spending unnecessary time imprisoned is serious, it is not a circumstance that warrants an appearance bond in a felony case. In Ex parte Atkinson, 101 Miss. 744, 58 So. 215, 217 (1912), the court allowed bail upon several doctors' recommendations that "confinement will aggravate the trouble and imperil the life and health of petitioner." In Ex parte Willette, 219 Miss. 785, 63 So.2d 52, 54 (Miss.1953), the court likewise allowed bail pending appeal finding it probable that confinement is "likely to produce, fatal or serious results."
¶ 26. The possibility of an evidentiary ruling being overruled and resulting in a defendant possibly being imprisoned while the issue was decided is not supported by the similar policy concerns facing the courts in Atkinson and Willette.
¶ 27. Here, the trial judge did not apply the correct legal standard and the record does not reflect substantial evidence to *649 grant bail pending appeal. For these reasons we find the trial judge erred in granting Jones bail pending appeal. Accordingly, we reverse and render the trial court's grant of bail pending appeal.
¶ 28. THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY IS REVERSED AND REMANDED ON DIRECT APPEAL FOR A NEW TRIAL CONSISTENT WITH THIS OPINION AND REVERSED AND RENDERED ON CROSS-APPEAL. ALL COSTS OF THIS APPEAL ARE TAXED TO TATE COUNTY.
KING, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.